The STATE of Ohio, Appellee,

v.

WEAVER, Appellant.

[Cite as *State v. Weaver* (2001), 141 Ohio App.3d 512.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 98CA236.

Decided March 19, 2001.

*Paul Gains,* Mahoning County Prosecuting Attorney, and *Joseph Macejko,* Assistant Prosecuting Attorney, for appellee.

*Walter David Ritchie,* for appellant.

---

VUKOVICH, Presiding Judge.

Defendant-appellant Eric Weaver appeals the decision of the Mahoning County Common Pleas Court revoking his community-control sanction and sentencing him to eighteen months in prison, the maximum sentence for the drug offense to which appellant pled guilty. The court entered this order after appellant failed to report for the community-control sanction previously imposed by that court. For the following reasons, the judgment of the trial court is reversed, and this case is remanded for a final revocation hearing.

## STATEMENT OF FACTS

In May 1998, appellant was indicted for possession of cocaine in violation of R.C. 2925.11(A), a fourth-degree felony under R.C. 2925.11(C)(4)(b) due to the fact that the cocaine was in crack form. He was also indicted for possession of criminal tools as a result of the pager that he carried. On September 23, 1998, appellant pled guilty to the drug offense, and the state dismissed the criminal tools charge. After a sentencing hearing on November 4, 1998, the court sentenced appellant to two years of community control to be monitored by the Adult Parole Authority ("APA"). At the hearing, the court orally informed appellant that he must report that same day. Finally, the sentencing entry warned, "a violation of this sentence may lead to a longer or more restrictive sanction for the defendant, up to and including a prison term of 18 months."

On November 18, 1998, the court issued a bench warrant for appellant's arrest after being notified in writing by the APA that appellant failed to appear at the APA to receive the conditions of his community control. When appellant eventually arrived at the APA on November 30 to begin his community control, he was arrested on the bench warrant.

Appellant was brought before the court on December 3, 1998. He told the court that he could not report on November 4 as ordered because by the time he was released from jail that day, his wife had to use the car and he had to stay with his child. He then said that the community-control obligation slipped his

mind. He also informed the court that he thought he could come in at the beginning of the month but conceded that he should have checked first.

On December 3, 1998, the court issued a judgment entry that stated that the court's November 4, 1998 judgment entry granting community control was vacated. The court then sentenced appellant to eighteen months in prison. Appellant filed timely notice of appeal, and this court stayed appellant's sentence pending appeal.

Appellant sets forth the following assignment of error:

"The court below treated the matter as a sentencing hearing even though it has already put the defendant on community control. Then the court below improperly sentenced the defendant to eighteen months in prison. It acted arbitrarily by failing to follow any of the statutory guidelines regarding sentencing even violating one of them."

Appellant sets forth the following two arguments under this assignment of error: the court's method of revoking his community control deprived him of due process, and the sentence imposed by the court was in violation of the felony sentencing guidelines.

## I. DUE PROCESS

The court granted appellant the privilege of serving community control in lieu of prison time. The court later revoked this privilege. From reading the language of the court's judgment entry, it appears that the court believed that it could vacate and essentially erase its prior entry granting community control and immediately resentence appellant without following the statutory requirements on revocation and resentencing or the due-process mandates for revocation hearings.

While a trial court, at one time, had the authority pursuant to R.C. 2951.09 to immediately revoke community control and impose any sentence that originally could have been imposed without any further considerations, the bare–bones procedure of the statute is no longer applicable to felony sentencing after a community-control violation as a result of the sentencing guidelines set forth in Senate Bill No. 2 which went into effect on July 1, 1996. (See R.C. 2929.15[B]. Cf. the prior and the current versions of R.C. 2951.09 and note that the language referring to felonies has been deleted.) Moreover, this statute is not a substitute for the due-process requirements set forth by the United States and Ohio Supreme Courts. The problems inherent in the court's procedure will be further analyzed below as we address appellant's arguments.

First, appellant contends that the court erred in vacating and revoking his community-control sanction and then sentencing him without satisfying the

requirements of due process that apply to the revocation process. Specifically, appellant complains that he was not provided with written notice of his violation, that he was unaware that a hearing on a bench warrant would turn into a revocation hearing, and that he was not given a preliminary revocation hearing.

A defendant whose probation may be revoked as a result of a probation violation is entitled to due process. *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 786, 93 S.Ct. 1756, 1761–1762, 36 L.Ed.2d at 664. This entails a preliminary hearing at which he is entitled to notice of the alleged violation among other things. *Id.* The purpose of the preliminary hearing is to ensure that the defendant is not being held in jail pending the final revocation hearing without probable cause and to provide independent review while the information is still fresh. *State v. Delaney* (1984), 11 Ohio St.3d 231, 234, 11 OBR 545, 547–548, 465 N.E.2d 72, 75. The due-process requirements for a final revocation hearing that are relevant to the case at bar include written notice of the alleged violations, disclosure of the evidence against him, an opportunity to be heard and to present evidence, and the right to confront adverse witnesses. *Gagnon,* 411 U.S. at 786, 93 S.Ct. at 1761–1762, 36 L.Ed.2d at 664.

In the case at bar, appellant was brought to court from jail after being arrested on a bench warrant. Twice the state specifically announced on the record that a motion to revoke probation had not yet been filed and that the hearing was not a probation violation hearing but was a hearing on the bench warrant to determine what should be done procedurally. Appellant was given oral notice of the alleged violation at the hearing, and he admitted that he failed to report to the APA. Conceivably, this hearing could be viewed as a preliminary hearing on probable cause. However, such an interpretation suffers from the fact that the record lacks any evidence that there was a final revocation hearing.

Although courts have ruled that a preliminary hearing and a final revocation hearing can be combined if there is no prejudice to the defendant, these cases essentially lacked a preliminary hearing rather than a final hearing. *Delaney,* 11 Ohio St.3d at 233–234, 11 OBR at 546–548, 465 N.E.2d at 74–75; *State v. Winter* (Apr. 27, 1999), Monroe App. No. 791, unreported, at *7, 1999 WL 260900; *State v. Walker* (July 26, 1995), Jefferson App. No. 93–J–48, unreported, *3, 1995 WL 447663. Moreover, the defendants in these cases received written notice which disclosed the alleged violation and which stated that a hearing would be held on the issue of the alleged violation and the propriety of revocation. *Id.*

Without notice that the hearing would proceed on revocation, appellant lacked the opportunity to prepare a defense in mitigation. Although appellant admitted that he failed to report, asked that probation be continued, and attempted to appeal to the court's leniency, the fact remains that appellant was never given notice or time to properly prepare his arguments on revocation or sentencing.

The state's sole contention on appeal is that appellant waived his arguments by not objecting to the trial court. However, the text of the state's brief refers only to the court's discretion in sentencing, which is appellant's next argument. The state's brief does not refer to appellant's due-process arguments. Furthermore, cases where the defendant has been precluded from raising a probation revocation/due-process problem on appeal due to a failure to object involve defendants who received written notice that a final hearing was to occur. See *Delaney,* 11 Ohio St.3d at 233–234, 11 OBR at 546–548, 465 N.E.2d at 74–75 (which held that in a case where the defendant had written notice of the allegations and of the final hearing, the lack of a preliminary hearing was not prejudicial, and the defendant's objection was untimely since it was made after a full revocation hearing).

In the present case, appellant had no notice that his probation was being revoked until the court had already announced its decision. As aforementioned, the state explicitly announced that this was not a probation revocation hearing but was a hearing on the warrant to determine the next step procedurally. Hence, appellant did not waive this argument on appeal by failing to object. *State v. Williams* (1988), 43 Ohio App.3d 184, 187, 540 N.E.2d 300, 303–304. As such, this case must be reversed and remanded. *Id.* See, also, *State v. McGhee* (Apr. 21, 1994), Cuyahoga App. Nos. 65214, 65215 and 65216, unreported, * 3, 1994 WL 144496 (remanding for a hearing where court revoked probation during sentencing on a different offense without notice to the defendant); *State v. Harvey* (Aug. 19, 1993), Cuyahoga App. No. 63436, unreported, * 2, 1993 WL 317471 (remanding where the court failed to give written notice or hold a preliminary hearing prior to revocation). On remand, the trial court shall provide written notice to appellant of the alleged violation along with a statement that a final hearing will be held on the issue of revocation of his community-control sanction.

## II.   SENTENCING DEFECTS

Under this assignment of error, appellant also contests the court's imposition of an eighteen-month prison term, which is the maximum sentence available for the crime. As aforementioned, the state's sole contention in its responsive brief is that appellant waived his sentencing arguments on appeal by failing to object in the trial court. However, we fail to see how a defendant can enter an objection to a sentence before it is pronounced, especially where he is unaware that he is in court for sentencing. Regardless, due to our above analysis on the due-process issue, the waiver argument need not be addressed, as this case is being remanded. Nevertheless, as guidance to the trial court on remand, we shall review the relevant sentencing statutes.

Pursuant to R.C. 2929.19(B)(5), a court imposing a community-control sanction must notify the defendant that if any of the conditions of the sanction are violated, the court may order a longer or more restrictive sanction or it may impose a prison term. The court must also indicate the specific prison term that may be imposed upon violation of the community-control sanction as selected from the available range of prison terms. For a fourth-degree felony, the available prison terms are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, and eighteen months. R.C. 2929.14(A)(4). Then, if the defendant violates the conditions of his community control, the sentencing court may impose one of the available prison terms that does not exceed the term specified by the court under R.C. 2929.19(B)(5) at the original sentencing. R.C. 2929.15(B).

In this case, the court notified appellant at his original sentencing that he could be subject to an eighteen-month prison term if he violated the conditions of his community-control sanction.[1] After finding that appellant violated the conditions of his community control by failing to report, the court imposed this prespecified eighteen-month prison term. In doing so, the court complied with portions of R.C. 2929.15(B) in that the sentence remained within the available range of prison terms and did not exceed the term previously specified by the court.

The problem lies in the fact that the court failed to comply with other felony sentencing guidelines. Pursuant to R.C. 2929.15(B), the prison term imposed after violation of a community-control sanction must comply with R.C. 2929.14. Besides providing the available range of prison terms for felonies, R.C. 2929.14 also states:

"(B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

---

1. We note that appellant's offense carries with it a presumption of a prison term rather than community control. R.C. 2925.11(C)(4)(b); 2929.13(D) and (E)(1). Notwithstanding this presumption, the court was permitted to impose community control because it found that the sanction would adequately punish the defendant and protect the public and would not demean the seriousness of the offense. R.C. 2929.13(D)(1) and (2).

"(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."

The court in the case at bar failed to make a determination of whether appellant had previously served a prison term. If appellant had never served prison time, then the court could only impose the shortest prison term authorized, i.e., six months, unless the court found that the shortest sentence would demean the seriousness of the offense or would not adequately protect the public. R.C. 2929.14(B). The record does not reflect that the court found either of these criteria and thus variance from the minimum was in error. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131.

Moreover, appellant was sentenced to the maximum term on an offense for which the maximum was not mandatory. As set forth in R.C. 2929.14(C), a court shall not impose the maximum sentence unless certain circumstances exist. If the court finds that these circumstances exist, the court must make a finding, stating its reasons for sentencing an offender to the maximum. R.C. 2929.19(B)(2)(d). The record of the sentencing hearing must reflect the findings and the reasons therefor. *Edmonson*, 86 Ohio St.3d at 329, 715 N.E.2d at 135. Because the record in the case at bar does not reflect a finding on the length of the sentence or the reasons for the finding, imposition of the maximum was improper.

The Eighth Appellate District has repeatedly held that the requirements concerning minimum and maximum sentencing are not applicable to drug offenses prohibited by R.C. Chapter 2925. See, *e.g., State v. Trembly* (2000), 137 Ohio App.3d 134, 142–143, 738 N.E.2d 93, 98–99; *State v. Cruz* (Jan. 27, 2000), Cuyahoga App. No. 75723, unreported, 2000 WL 86291. That district believes that the plain language of R.C. 2929.14(B) and (C) specifically excludes offenders who are being sentenced for violations of R.C. Chapter 2925. However, we disagree.

R.C. 2929.14(B) and (C) state that the requirements for sentencing to the minimum or maximum contained therein must be followed "[e]xcept as provided in * * * Chapter 2925." We do not interpret this to mean that if the offender is being sentenced for a violation of any section of R.C. Chapter 2925, then R.C. 2929.14(B) and (C) are inapplicable. Rather, we interpret the disputed passage

to mean that unless Chapter R.C. 2925 provides differently, the requirements of R.C. 2929.14(B) and (C) shall be followed.

For instance, R.C. 2925.11(C)(4)(f) states that if the amount involved exceeds one thousand grams of cocaine or exceeds one hundred grams of crack cocaine, then the court must impose the maximum sentence available for the offense. This section of R.C. Chapter 2925 is at odds with the portions of R.C. 2929.14(B) and (C) that require the court to consider factors to vary from the minimum or to impose the maximum sentence. Thus, R.C. 2929.14(B) and (C) would not be applicable to such an offense.

Conversely, appellant pled guilty to violating R.C. 2925.11(C)(4)(b), which states merely that there is a presumption of a prison term for the offense. This section of R.C. Chapter 2925 does not mandate a certain prison term and does not contain language at odds with R.C. 2929.14(B) and (C). Thus, R.C. 2929.14(B) and (C) are applicable to appellant's sentencing. Accordingly, there is clear and convincing evidence that the trial court failed to consider these sections and that the sentence imposed was contrary to law and not supported by the record. See R.C. 2953.08(G)(1). See, also, R.C. 2953.08(A)(1)(a) and (4) (providing the basis for an appeal of right after the imposition of a maximum sentence or a sentence that is contrary to law).

Upon remand for the revocation hearing, if the court determines that revocation is proper and decides to invoke a prison term, the court must consider the purposes of felony sentencing contained in R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12. The court may only vary from the minimum prison term available after making a determination that one of the factors set forth in R.C. 2929.14(B) is applicable. Furthermore, the court may not impose the maximum sentence in the absence of a record that reflects the finding of an offender characteristic described in R.C. 2929.14(C) and the reasons therefor.

For the foregoing reasons, this judgment of the trial court is reversed, and this cause is remanded for a final community-control revocation hearing consistent with this court's opinion and according to law.

*Judgment reversed*
*and cause remanded.*

GENE DONOFRIO and WAITE, JJ., concur.