OPINION
Defendant-appellant, Thomas Payne, appeals a decision of the Warren County Court of Common Pleas revoking his community control sanction and reimposing his original sentences. We affirm the trial court's decision.
Appellant was convicted of two counts of possession of cocaine. On January 12, 2001, the trial court granted appellant's motion for judicial release with conditions that included a requirement that appellant was not to use any type of controlled substance. On April 16, 2001, appellant's community control officer reported seven instances in which appellant had violated the terms of his community control.
The trial court held a preliminary hearing on April 23, 2001. At the time of the hearing, appellant was also under indictment for new charges of trafficking and possession of drug money and cocaine. At the preliminary hearing, the trial court appointed counsel to represent appellant at the violation hearing and on the new charges. The trial court held a final hearing on the community control violations on May 2, 2001. Appellant was represented by counsel and admitted to the violations involving positive urine tests. The trial court found that appellant violated the provisions of his community control based on the probation officer's statement and appellant's admission. The trial court delayed a decision on sentencing so that it could address sentencing of the probation violation and the new charges at the same time.
The trial court held another hearing on August 9, 2001. Appellant was scheduled to have a trial on the new charges at that time. However, appellant decided to represent himself and requested a continuance to get different clothes and to "get some witnesses." The trial court noted that appellant was also in court that day on the probation violation on which he had previously been found guilty. The trial court indicated that it had delayed sentencing on the probation violations until the resolution of the new charges. The court decided to proceed with sentencing on the probation violations and to grant a continuance for the trial on the new charges. Appellant questioned how he could be found guilty of the probation violation when he had not yet been convicted of the new charges. He also argued that he had not received due process on the probation violation.
The trial court explained to appellant that he had already received both a preliminary hearing and final hearing where he admitted the violation and was found guilty. Appellant then insisted that he had withdrawn his guilty plea through his former counsel, Mr. Dundes, in open court. The court reporter examined transcripts and found no request to withdraw the plea. Mr. Dundes, although no longer representing appellant, was present in the courtroom and asked for a side bar conference with the court, which was not recorded. The trial court then stated that appellant had not requested to withdraw the plea and had already been found guilty of the probation violations.
The trial court granted a continuance for the trial on the new charges and proceeded to sentencing on the probation violations. The court reimposed appellant's original one-year sentences on each of the two counts of possession of cocaine, with credit for time served.
Appellant now appeals the trial court's decision to reimpose his previous sentences. He raises the following three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FAILING TO PROVIDE DEFENDANT/APPELLANT A FINAL REVOCATION HEARING.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN REFUSING TO PERMIT DEFENDANT/APPELLANT TO WITHDRAW HIS ADMISSION TO THE PROBATION VIOLATION.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN REVOKING DEFENDANT/ APPELLANT'S PROBATION.
Appellant first contends that the trial court did not comply with due process requirements. He argues that he made it clear at the sentencing hearing that he did not agree with the admission, so he should have been afforded a final revocation hearing.
A defendant whose probation may be revoked as a result of a probation violation is entitled to the protections of due process. State v. Weaver
(2001), 141 Ohio App.3d 512, 516, citing Gagnon v. Scarpelli (1973),411 U.S. 778, 786, 93 S.Ct. 1756, 1761-62. These protections include a preliminary hearing at which the defendant is entitled to notice of the alleged violation and a final hearing at which time evidence is presented. See id.
The trial court clearly complied with these due process requirements. As mentioned above, a preliminary hearing was held on April 23, 2001. The probation officer's statement of the charges was read to appellant and he was appointed counsel to represent him. At the final revocation hearing on May 2, 2001, appellant admitted to the probation violation charges that involved positive urine tests for alcohol and cocaine. The trial court made a finding at that time that appellant had violated the terms of his community control. Thus, appellant was afforded the required due process protections for probation violations. The fact that the trial court delayed its sentencing decision does not change the fact that appellant had both preliminary and final revocation hearings. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court erred by ignoring his request to withdraw his admission to the probation violation. Appellant analogizes his desire to withdraw his admission to a motion to withdraw a guilty plea pursuant to Crim.R. 32.1 and argues that the request to withdraw should be liberally granted.
"Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding." Gagnon v. Scarpelli,411 U.S. at 782, 93 S.Ct. at 1759. Not all protections afforded in a criminal trial apply to revocation proceedings. For example, the Ohio Rules of Evidence do not apply, Evid.R. 101(C)(3), there is no right to a jury trial, and the privilege against self-incrimination is not available to a probationer. State v. Ferguson (1991), 72 Ohio App.3d 714, 716-17, citing Minnesota v. Murphy (1984), 465 U.S. 420, 435, 104 S.Ct. 1136,1146-47, fn. 7. Other Ohio courts have determined that the Rules of Criminal Procedure do not apply to revocation proceedings. State v.Stafford (Aug. 15, 2001), Tuscarawas App. No. 2000 CR 01 0010, unreported; State v. Parsons (Nov. 15, 1996), Greene App. No. 96CA20, unreported.
As mentioned above, appellant analogizes this situation to a request to withdraw a plea pursuant to Crim.R. 32.1. However, as discussed above, a revocation hearing is not part of a formal criminal prosecution, but is instead an informal hearing structured to find a probation violation.State v. Hylton (1991), 75 Ohio App.3d 778, 781. Thus, we find that the procedures applicable to the withdrawal of a guilty plea under Crim.R. 32.1 are not analogous to this situation.
Even if we were to find that the factors to be weighed in considering a presentence motion to withdraw a guilty plea should be applied to this situation, see State v. Xie (1992), 62 Ohio St.3d 521, 527, appellant's argument would still fail. Appellant did not make any type of motion to withdraw his admission. Instead, he argued only that he thought he had already done so. The trial court had already found that appellant violated his community control at the previous hearing. Appellant was represented by counsel when he made the admission, he was familiar with the criminal justice system, and he had all hearings as due process requires. Although appellant also argues that the trial court did not follow Crim.R. 11 in accepting the admission, Crim.R. 11 is not applicable to revocation proceedings. State v. Williams (May 11, 2001), Richland App. No. 00-CA-55, 00-CA-56, unreported; State v. Gloecknecker
(Mar. 21, 1994), Meigs Co. App. No. 520, unreported. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant contends that the trial court erred in revoking his probation. Because a revocation hearing is not a criminal trial, a violation does not have to be established with proof beyond a reasonable doubt. Hylton, 75 Ohio App.3d at 782; State v.Tranter (Mar. 26, 2001), Clermont App. No. CA2000-05-035, unreported. Instead, the quantum of evidence required to establish a violation and revoke a community control sanction must be "substantial." Hylton at 782; Tranter at 7. The decision whether to revoke an offender's community control sanction is left to the sound discretion of the trial court. State v. McKnight (1983), 10 Ohio App.3d 312, 313; Tranter at 7-8.
Appellant argues that it was error for the trial court to find that he violated his community control conditions only on his admission since the validity of that admission was called into question. We disagree. As discussed in appellant's second assignment of error, the trial court did not err by not allowing appellant to withdraw his admission at a later date. Based on our review of the record, we find that the trial court did not abuse its discretion in revoking appellant's community control sanction and reimposing his original sentence. Appellant's third assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.