ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.
{¶ 2} Defendant-appellant Gregory Holloway appeals the decision of the trial court revoking his probation. For the reasons below, we reverse the decision of the trial court.
{¶ 3} On June 15, 1995, Holloway was convicted of attempted rape and sentenced to eight to fifteen years imprisonment and was sentenced to a term of two years on a charge of sexual battery, to run consecutively.
{¶ 4} On September 29, 1998, the trial court granted Holloway's motion to suspend further execution of sentence pursuant to former R.C.2947.061. Holloway was placed on probation for five years with the conditions that he be supervised by the mentally retarded offenders unit and that he complete a specialized program at Alvis House in Franklin County.
{¶ 5} Holloway completed the treatment program at Alvis House on May 9, 2001. He was returned to Cuyahoga County jail, and the probation department requested that the trial court specify further conditions of his probation.
{¶ 6} On July 11, 2001, a hearing was held before a magistrate regarding the issue of probation conditions. Present at the hearing were Holloway's probation officer, Patricia Parente, his sister, Marion Pledger, his attorney, and Michael Kontura from the Cuyahoga County Board of Mental Retardation and Development Disabilities. In response to the court's request for a recommendation, Parente advised the court of the plan to have Holloway reside with Pledger. Although Parente advised the court that she was concerned about the responsibility being placed on Pledger by this option, no other option was presented to the court.
{¶ 7} Kontura advised the court that Cuyahoga County does not have any type of residential facility that can house Holloway. He testified that because of the lack of available options, having Holloway reside with Pledger under 24-hour supervision would be the best option.
{¶ 8} Pledger testified that she would ensure that Holloway was supervised 24 hours per day through a network of family members and church members. Pledger planned to enroll Holloway in City Mission programs where she is a volunteer. She testified that it is a closed facility that provides services exclusively to adult men. She further promised to immediately notify the probation office of any violation of the probation conditions.
{¶ 9} Kontura testified that Pledger attended all meetings with Holloway during his two-and-one-half-year stay at Alvis House. He noted that Holloway's family members drove to Columbus to actively participate in his treatment, and he commented that such support was very rare.
{¶ 10} Kontura further noted that Pledger has a degree in social work and has attended sex abuse seminars on her own initiative. He has also provided information to her regarding further sex abuse training.
{¶ 11} The magistrate stated that she would confer with the trial court judge. No magistrate's decision was filed. Instead, the trial court issued the following order on August 10, 2001:
 {¶ 12} Hearing held on Defendant's motion to modify conditions. Motion of the Defendant is denied. The court, taking all evidence into consideration, finds that the defendant poses a risk of harm to the community and therefore remands the defendant for the remainder of his sentence.
{¶ 13} Holloway raises the following assignments of error on appeal:
 I. {¶ 14} THE TRIAL COURT ERRED IN VACATING AND REVOKING APPELLANT'S PREVIOUSLY SUSPENDED SENTENCE AND PROBATION WITHOUT PROVIDING APPELLANT WITH WRITTEN NOTICE OF HIS ALLEGED VIOLATION AND WITHOUT ADVISING APPELLANT THAT THE HEARING ON CONDITIONS OF PROBATION WOULD BE TURNED INTO A REVOCATION HEARING.
 II. {¶ 15} THE TRIAL COURT ERRED IN REVOKING THE APPELLANT'S PROBATION WITHOUT ANY EVIDENCE THAT APPELLANT HAD VIOLATED ANY CONDITION OF HIS PROBATION.
{¶ 16} Holloway argues that his due process rights were violated because the trial court revoked his probation without providing him with a written notice of an alleged probation violation. Further, no evidence of such a violation was presented to the trial court.
{¶ 17} In its order, the trial court mischaracterizes the proceeding at issue as a hearing on Holloway's motion to modify conditions. However, Holloway did not request any modification of conditions; his probation officer did. At the hearing, the probation officer asked the court to set conditions for Holloway during the balance of his probation period.
{¶ 18} Although the hearing below was not labeled a revocation hearing, because the trial court ultimately revoked Holloway's probation, we must review whether the trial court abused its discretion in reinstating Holloway's original sentence.
{¶ 19} In Gagnon v. Scarpelli (1973), 411 U.S. 778,36 L.Ed.2d 656, 93 S.Ct. 1756, the United States Supreme Court set forth the minimum due process requirements for probation revocation proceedings. First, a court must conduct a preliminary hearing to determine whether probable cause exists to believe that the probationer has violated the conditions of his or her probation. Gagnon, 411 U.S. at 784-786. "Once it is determined that the conditions of probation have been violated, a second, less summary proceeding is held to determine whether the probation should be revoked or modified." Columbus v. Lacy (1988),46 Ohio App.3d 161, 162, 546 N.E.2d 445, citing Gagnon at 784-786.
{¶ 20} Here, the only evidence presented at the hearing was that Holloway fully complied with the conditions of his probation. Accordingly, there was no basis for the trial court to revoke Holloway's probation. Cf. Id.
{¶ 21} Therefore, because Holloway had no notice that his probation might be revoked until the court announced its decision, the trial court's decision must be reversed. On remand, the trial court shall provide written notice of the alleged violation along with a statement that a probation revocation hearing will be held. See State v. Weaver (2001), 141 Ohio App.3d 512, 517.
 III. {¶ 22} THE TRIAL COURT ERRED IN NOT ACCEPTING THE UNCONTESTED EVIDENCE PRESENTED BY THE WITNESSES REGARDING THE REQUESTED CONDITIONS OF APPELLANT'S PROBATION.
{¶ 23} Based on the foregoing analysis, this assignment of error is moot.
Judgment reversed and case remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. and DIANE KARPINSKI, J. CONCUR