OPINION
{¶ 1} This is an appeal of Appellant Terrance Love's maximum and consecutive sentence after his community control sanctions were revoked. There were no errors relating to the consecutive sentence. However, as the trial court failed to mention any of the required factors for imposing the maximum sentence pursuant to State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131, the matter must be remanded for resentencing.
 {¶ 2} On November 19, 1998, Appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(2), a second degree felony, for events which occurred on October 24, 1998. On January 21, 1999, Appellant entered a plea of guilty to one count of attempted burglary, a third degree felony pursuant to R.C. 2923.02(A) and (E).
 {¶ 3} The court filed its sentencing entry on March 25, 1999. The trial court sentenced Appellant to three years of community control, including a residential program at Community Corrections Association. He was ordered not to violate any laws or leave the state without permission. Appellant was informed that the maximum penalty for the crime was five years in prison, and that he could receive this sentence if he violated the terms of his community control sanctions. (3/25/99 J.E.) The sentencing entry indicates that the five-year prison sentence was not imposed on Appellant, but was mentioned only as a possible future consequence.
 {¶ 4} Appellant spent 107 days at Community Corrections Association and was released on July 9, 1999.
 {¶ 5} On November 9, 2000, the Mahoning County Prosecutor's Office filed a motion to revoke Appellant's community control sanctions. The motion was based on the fact that Appellant had pleaded guilty to aggravated murder, as well as other crimes, while subject to community control sanctions.
 {¶ 6} A hearing was held on November 14, 2000. Appellant admitted that he violated his probation. (11/14/00 Tr., p. 6.) The court proceeded to the sentencing phase of the hearing and imposed a five-year prison term. The court also ordered that the prison term be served consecutively to Appellant's earlier sentence imposed in Licking County.
 {¶ 7} Appellant filed this timely appeal on December 1, 2000.
 {¶ 8} This court appointed counsel to assist Appellant in his appeal on April 26, 2001. Counsel took no action for ten months until we filed a journal entry threatening to dismiss the appeal for failure to prosecute. We granted counsel one final leave to file a brief by June 1, 2002, and counsel missed that deadline by two days. Nevertheless, in the interests of justice and due process, we will proceed with our review of the merits of this appeal.
 {¶ 9} Appellant's first assignment of error asserts:
 {¶ 10} "THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE UPON APPELLANT AND BY FAILING TO STATE IN THE RECORD THE REQUISITE FINDINGS PURSUANT TO OHIO REVISED CODE 2929.14(C) AND 2929.19(B)."
 {¶ 11} Appellant argues that a trial court is required to make certain findings in order to justify imposing a maximum sentence. Appellant argues that these findings are required by R.C. 2929.14(C). He correctly argues that the trial court did not make these findings.
 {¶ 12} This court's standard of review of a felony sentence is governed by R.C. § 2953.08(G), which states:
 {¶ 13} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 14} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 15} "* * *
 {¶ 16} "(b) That the sentence is otherwise contrary to law."
 {¶ 17} According to R.C. 2953.08(G)(2), the burden is on the reviewing court to show by clear and convincing evidence that the trial court's sentencing decision is in error.
 {¶ 18} Appellant is correct that R.C. 2929.14(C) requires the sentencing judge to make certain findings :
 {¶ 19} "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenderswho committed the worst forms of the offense, upon offenders who pose thegreatest likelihood of committing future crimes, upon certain major drugoffenders under division (D)(3) of this section, and upon certain repeatviolent offenders in accordance with division (D)(2) of this section." (Emphasis added.)
 {¶ 20} The Ohio Supreme Court has held that: "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)."Edmonson, 86 Ohio St.3d at 329, 715 N.E.2d 131.
 {¶ 21} Because Appellant's sentence arose from the revocation of community control sanctions, his sentence is also governed by R.C. §2929.15(B), which states:
 {¶ 22} "(B) If the conditions of a community control sanction are violated or if the offender violates a law * * * the sentencing court may * * * impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code."
 {¶ 23} The reference to R.C. 2929.19(B)(3) is actually a reference to R.C. 2929.19(B)(5), which requires the trial court to notify the defendant of the potential prison term that will be imposed if community control sanctions are violated. State v. Vivasayachack (2000),138 Ohio App.3d 570, 574, 741 N.E.2d 943.
 {¶ 24} It is clear from R.C. 2929.15(B) that if the trial court imposes a prison term on an offender after the court has revoked community control sanctions, the sentencing should be treated as a new sentencing and must comply with the appropriate felony sentencing statutes. State v. Weaver (2001), 141 Ohio App.3d 512, 518, 751 N.E.2d 1096
(Seventh District); State v. Saunders (2000), 138 Ohio App.3d 221, 223,740, N.E.2d 1121. Under the revised felony sentencing laws, effective since 1996 with the enactment of Am.Sub.S.B. 2, imposing a prison term after a community control violation is not a mere reinstatement of a previous sentence. Id. Pursuant to R.C. 2929.15(B), the prison term imposed after violation of a community-control sanction must comply with the requirements of R.C. 2929.14.
 {¶ 25} The trial judge was understandably appalled that Appellant committed an aggravated murder during the time that he was bound by his community control sanctions for the attempted burglary conviction. It appears, though, that the trial judge may have sentenced Appellant to the maximum sentence because he felt he was required to impose it, and not because he considered and weighed the sentencing factors in R.C.2929.14(C). The trial judge stated, "[w]ell, there's nothing I can do but give you the five years." (11/14/00 Tr., p. 9.) Nothing in the record, and nothing in the sentencing statutes, required the judge to impose the maximum prison sentence or any prison sentence. In other words, if the judge wanted to impose a less severe sanction, he had the discretion. The judge's mere mention of the possible maximum sentence at the original sentencing hearing was not a mandate to impose such a sentence if the community control sanctions were violated. The rule is that any prison term imposed for violating a community control sanction must be within the range of possible sentences for that crime, and cannot exceed the potential sentence stated to the defendant at the original sentencing hearing. R.C. 2929.15(B). See our previous holding in Weaver, supra,141 Ohio App.3d at 518, 751 N.E.2d 1096.
 {¶ 26} Conversely, the record does not indicate which of the four reasons listed in R.C. § 2929.14(C) was the basis for the trial court's imposition of the maximum sentence. The findings required by R.C. 2929.14 for imposing a maximum sentence were not made in this case, thus the matter must be remanded for resentencing.
 {¶ 27} Appellant's second assignment of error states:
 {¶ 28} "THE TRIAL COURT FURTHER ERRED BY IMPOSING CONSECUTIVE TERMS UPON APPELLANT."
 {¶ 29} Appellant argues that a trial court must make certain findings and state its reasons for imposing consecutive sentences. Both Appellant and Appellee agree that R.C. 2929.14(E)(4) controls this matter. R.C. 2929.14(E)(4) states:
 {¶ 30} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 31} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 32} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 33} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 34} According to the statute, the trial court must make three findings to impose a consecutive sentence: (1) that the consecutive sentence is necessary to either protect the public or punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one or more of the factors in R.C.2929.14(E)(4)(a) through (c) exist.
 {¶ 35} Although the consecutive sentence at issue was not for multiple convictions within a single criminal case, but rather, was for multiple convictions in totally distinct and separate criminal proceedings, the statute has been interpreted to apply in this type of situation. State v. Gillman (Dec. 13, 2001), 10th Dist. No. 01AP-662.
 {¶ 36} The trial court found that the consecutive sentence was a necessary punishment and was not disproportionate to the seriousness of the offender's conduct or the danger posed by him. (11/14/00 J.E.) These findings satisfy the first two requirements of R.C. 2929.14(E)(4). The trial court next found that Appellant was in violation of his probation, which corresponds to the required finding in R.C. 2929.14(E)(4)(a). (11/14/00 J.E.) The trial court also found that Appellant's criminal history necessitated the consecutive sentences, which corresponds to R.C. § 2929.14(E)(4)(c). Therefore, the record reflects that all the findings required by R.C. § 2929.14(E)(4) were made to support a consecutive sentence.
 {¶ 37} R.C. 2929.19(B)(2) establishes another requirement when a trial court imposes a consecutive sentence:
 {¶ 38} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 39} "* * *
 {¶ 40} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;"
 {¶ 41} Thus, a trial judge must gives reasons for imposing a consecutive sentence, including some facts and circumstances that the judge considered in making its decision. State v. Boland (Mar. 12, 2002), 7th Dist. No. 00-CA-126.
 {¶ 42} The trial judge made it very clear that the consecutive sentence was imposed due to the fact that Appellant committed aggravated murder while under community control sanctions. This is certainly a powerful reason for imposing a consecutive sentence, and is clear from the record. Therefore, the trial court fulfilled all the statutory requirements for imposing a consecutive sentence. Appellant's second assignment of error is without merit.
 {¶ 43} In conclusion, the trial court did not make the required findings for imposing the maximum sentence after Appellant violated the terms of his community control sanctions. Although the court did initially inform Appellant that he could serve a maximum term of five years in prison, there are other requirements set forth in R.C. 2929.14(E) which were not followed. The trial court did comply with the requirements for imposing a consecutive sentence and that aspect of the judgment is affirmed. Therefore, the portions of the November 14, 2000, judgment entry referring to the imposition of a five-year prison term are hereby reversed and the case is remanded to the trial court for resentencing, including clarification of the reasons for imposing the maximum sentence if the maximum sentence is imposed.
Donofrio, J. and DeGenaro, J., concurs.