OPINION
{¶ 1} Defendant-appellant, Laurance Moon, appeals his sentence for violation of his community control sanction. We reverse the decision of the trial court for the reasons outlined below.
 {¶ 2} Appellant was convicted by a jury of two felony drug offenses and sentenced to community control for five years, to include a maximum of six months in a community correctional center ("CCC"). The trial court gave appellant a stay of execution for one week to attend to his personal affairs.
 {¶ 3} Appellant failed to report to begin his sentence, and a capias was issued for his arrest. After several months, appellant was apprehended and brought before the trial court. Appellant's community control sanction was revoked and he was sentenced to prison for two 12-month terms, to be served concurrently. Appellant appeals his sentence, asserting three assignments of error.
 {¶ 4} Appellant's first two assignments of error contest the trial court's methods when it revoked his community control sanction and imposed his sentence.
Assignment of Error No. 1
 {¶ 5} "THE TRIAL COURT ERRED BY VIOLATING DEFENDANT'S COMMUNITY CONTROL[.]"
 {¶ 6} Appellant argues under his first assignment of error that he was not notified in writing of the alleged community control violation, not given a "probable cause" hearing on the violation, and not allowed to present evidence or cross-examine witnesses. See Gagnon v. Scarpelli
(1973), 411 U.S. 778, 786, 93 S.Ct. 1756. See, also, State v. Blakeman, Montgomery App. No. 18983, 2002-Ohio-2153, at ¶ 1-4.
 {¶ 7} We agree with appellant that these due process considerations were not provided in this case. It appears from the record and transcript of the proceedings that appellant was brought before the trial court after he was arrested on a bond forfeiture.[1] The state stated to the trial court that, * * * "Mr. Moon failed to appear for a CCC evaluation [sic] that's why we're before the court today." No statement of clarification was presented to the trial court by either the state or appellant's attorney.
 {¶ 8} During this proceeding, the trial court realized that appellant had previously been evaluated by CCC, was ordered to attend CCC as part of a community control sanction, and had failed to appear after being granted a brief stay of execution. The trial court asked appellant why he did not appear and appellant gave a lengthy explanation about pursuing an appeal, and recited issues about his health and family responsibilities.
 {¶ 9} After listening to appellant, the trial court initially stated that it would re-sentence appellant, but subsequently indicated that it was finding appellant in violation of his community control sanction for failing to appear. The trial court then imposed the concurrent 12-month sentences and indicated that it was revoking community control.[2]
 {¶ 10} After reviewing the entire record, we are not satisfied that the proceeding held in this case properly afforded appellant his due process rights. State v. Weaver, 141 Ohio App.3d 512, 516,2001-Ohio-3216, citing, see Gagnon v. Scarpelli, 411 U.S. at 786; seeState v. Cox (Sept. 24, 2001), Madison App. No. CA2001-01-003.
 {¶ 11} While the state and the trial court informed appellant that he was brought before the court because he failed to appear to begin his sentence, there is no evidence that appellant was provided any written notification of any revocation proceedings. We find unpersuasive the state's argument that the language of the entry issuing the capias was sufficient written notice to appellant.
 {¶ 12} We are also cognizant that courts have held that a preliminary hearing and final revocation hearing can be combined if there is no prejudice to the defendant. Weaver. However, it is not clear that any party was aware that this proceeding before the trial court was a revocation hearing, combined or otherwise, until the trial court decided to revoke appellant's community control. Appellant, therefore, lacked the opportunity to prepare a defense in mitigation. See Weaver at 516.
 {¶ 13} It is true that appellant was given an opportunity by the trial court to explain why he failed to appear. However, given the previous omissions in procedure already considered, we find that the trial court committed reversible error when it did not afford appellant adequate due process for the community control revocation. Accordingly, appellant's first assignment is sustained.
Assignment of Error No. 2
 {¶ 14} "THE TRIAL COURT ERRED BY VIOLATING DEFENDANT'S COMMUNITY CONTROL AND IMPOSING A TWELVE MONTH PRISON SENTENCE[.]"
 {¶ 15} We sustain appellant's second assignment of error, based upon the trial court's failure to inform appellant at the initial sentencing hearing that a prison sentence was possible or could be imposed should he violate community control.
 {¶ 16} We have reviewed cases both from this and other districts that have addressed alleged shortcomings in a trial court's procedure in sentencing a defendant to community control sanctions. A review of the transcript of the initial sentencing hearing in this case reveals that appellant was never notified by the trial court at the sentencing hearing of the possible prison sentences he was facing for the underlying offenses.
 {¶ 17} The trial court only mentioned prison during a discussion in which it told appellant that the community corrections center was "generally the last step before you go in and start serving time in prison. You've been there, you know what it is."
 {¶ 18} There is also no evidence that appellant was informed by the trial court of any of the ramifications if he violated his community control sanctions.
 {¶ 19} R.C. 2929.19(B)(5), states, in part, that the sentencing court shall notify the defendant that, "if the conditions of the [community control] sanction are violated, * * *, the court may * * * impose a more restrictive sanction, or may impose a prison term on the defendant and shall indicate the specific term that may be imposed as asanction for the violation, (emphasis added) as selected by the court from the range of prison terms for the offense pursuant to section 2929.14
of the Revised Code."
 {¶ 20} In addressing the permissible penalties imposed on a community control violator, R.C. 2929.15(B), states that any prison sentence imposed "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code."
 {¶ 21} When the trial court failed to give appellant notice of the specific prison term reserved at the original sentencing hearing, it could not thereafter impose any prison term for a violation of community control. State v. Marvin, 134 Ohio App.3d 63, 69, 1999-Ohio-811.
 {¶ 22} We find, therefore, that a prison term is not an available option for appellant's violation of his community control sanction and the trial court erred in imposing a prison sentence that was contrary to law. Appellant's second assignment of error is sustained.
Assignment of Error No. 3
 {¶ 23} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE IN SENTENCING LAURANCE MOON."
 {¶ 24} Appellant's third assignment of error argues that the record did not support the imposition of more than a minimum prison term. Because we have determined that the option of a prison term was not reserved as a sanction for violating community control at appellant's sentencing, further consideration of appellant's third assignment of error is unnecessary as it is moot. Id. at 69.
 {¶ 25} This cause is reversed and remanded to the trial court with instructions to hold community control revocation proceedings in accordance with due process.
Reversed and remanded.
YOUNG and WALSH, JJ., concur.
[1] The entry issuing the capias stated, "It appearing to the Court that the said defendant, failed to appear for stay at CCC as Ordered by this Court. It is HEREBY ORDERED that said defendant's Bond be revoked and a capias be issued for his arrest."
[2] The trial court's entry issued after this hearing was captioned, "Amended Sentencing" and did not indicate that appellant's previously imposed community control sanction was being revoked.