OPINION
{¶ 1} On December 16, 2002, defendant-appellant, Mario L. Walker, pled guilty in the Franklin County Court of Common Pleas to two counts of trafficking in cocaine in violation of R.C. 2925.03, both felonies of the second degree; one count of possession of cocaine in violation of R.C.2925.11, a felony of the second degree; and one count of possession of dangerous ordnance in violation of R.C. 2923.17, a felony of the firth degree. A nolle prosequi was entered on four remaining counts contained in the indictment against appellant.
 {¶ 2} At the conclusion of appellant's sentencing hearing, the trial judge imposed a sentence of three years of imprisonment for each of the three drug counts, and 11 months for the possession of dangerous ordnance. The court ordered that each three-year sentence would be served consecutively with one another and the 11-month sentence would be served concurrently with the three-year sentences on the drug counts. Thus, appellant's aggregate sentence totaled nine years.
 {¶ 3} Appellant timely appealed and asserts the following two assignments of error for our review:
First Assignment of Error
The trial court erred by imposing greater than the minimum allowable sentence without specifically finding the factors set forth in R.C.2929.14(B).
Second Assignment of Error
The trial court erred in ordering the sentences to be served consecutively when the record did not demonstrate the factors enumerated in R.C. 2929.14(E)(4).
 {¶ 4} In his first assignment of error, appellant argues the court erred in imposing greater than the minimum sentence on the three drug counts without making specific findings justifying imposition of the non-minimum sentences. R.C. 2929.14(A)(2) provides that felonies of the second degree carry a prison term of a minimum of two years up to a maximum of eight years. R.C. 2929.14(B) provides:
Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
It is undisputed that appellant has never previously served a prison term. Thus, he argues, the presumption in favor of minimum sentences contained in R.C. 2929.14(B), applies to appellant. He argues that without the requisite findings to overcome the presumption for minimum sentences, the trial court's non-minimum sentences on the drug offenses must be reversed.
 {¶ 5} Appellee, state of Ohio, argues that the plain language of R.C. 2929.14(B) exempts drug offenses (all of which are found in R.C. Chapter 2925) from the requirement that the trial court make the specific findings otherwise required under that section. Appellee argues that the introductory clause "[E]xcept as provided * * * in Chapter 2925 of the Revised Code" categorically exempts trial courts in all drug cases from making the findings required by R.C. 2929.14(B).[1] This court has not yet addressed the issue of whether R.C. 2929.14(B) should be interpreted to wholly exempt drug offenses from that statute's requirements. Three other Ohio appellate districts have already done so, and we find their analyses instructive.
 {¶ 6} In State v. McDougald (Oct. 20, 2000), Montgomery App. No. 17979, the defendant pled guilty to, inter alia, one count of attempted trafficking in drugs in violation of R.C. 2929.03, a felony of the second degree. He appealed the trial court's imposition of three years of imprisonment on this count, arguing that as a first-time offender he was entitled to the minimum sentence of two years, and the trial court erred in giving him a non-minimum sentence without making the findings required by R.C. 2929.14(B). The state advanced the same argument advanced by appellee herein.
 {¶ 7} In reversing the non-minimum sentence, the court focused on the "[E]xcept as provided * * * in Chapter 2925 of the Revised Code" language of R.C. 2929.14(B). The court reasoned that this language required it to inquire, "what does Chapter 2925 provide?" Id. at *9. The court proceeded to examine R.C. 2925.03. With respect to prison, the statute states only that the court must sentence the offender, as a mandatory prison term, to one of the prison terms prescribed for a felony of the second degree. Nothing within R.C. 2925.03 specifies a particular length of sentence for the offense of which the defendant in McDougald
was convicted. Thus, the court of appeals concluded that R.C. 2925.03 did not override the requirements of R.C. 2929.14(B).
 {¶ 8} In State v. Cook (Dec. 7, 2000), Cuyahoga App. No. 77101, the defendant appealed the three-year prison sentence imposed following his guilty plea to one count of third-degree felony drug possession. He argued that, because he had not previously served a prison term, he was entitled to the presumption of a minimum sentence, and the trial court erred in imposing a three-year sentence without making the findings required by R.C. 2929.14(B). The prosecution advanced the argument that drug offenses are exempt from the requirements of R.C. 2929.14(B). The Eighth District Court of Appeals in Cook interpreted the introductory phrase in R.C. 2929.14(B) to mean that drug cases are exempt from general sentencing requirements only "when Chapter 2925 of the Revised Code provides for a particular sentence." Id. at *15. The court went on to state:
If the General Assembly had intended to categorically exempt all drug cases from the requirements for imposition of felony sentences, the following options would articulate this intent: "except for violations of R.C. Chapter 2925" or "except for cases arising under R.C. Chapter 2925." These contrasting alternatives help to understand the difference between a blanket exemption for all drug cases and a conditional one, that is, an exemption limited to cases with specific mandatory drug sentences. That the latter phrasing is commonly found in the Code but not here is further evidence that a conditional exemption is intended here.
Id. at *15-16.
 {¶ 9} The court in Cook went on to examine R.C. 2925.11(C)(1)(b), the statute governing sentencing for the defendant's drug possession conviction. That statute states only that "there is a presumption for a prison term for the offense." Finding no other provisions within R.C.2925.11 regarding prison terms or other punishment for the offense, except for fines and license suspensions, the court determined that R.C.2929.14(B) applied to the defendant's sentencing, and the trial court was required to make the requisite findings thereunder before imposing a non-minimum prison sentence.[2]
 {¶ 10} Most recently, the Seventh Appellate District likewise held that drug offenses are not wholly exempt from the requirements of R.C.2929.14(B). In State v. Weaver (2001), 141 Ohio App.3d 512, the court interpreted the introductory phrase of R.C. 2929.14(B) to mean, "that unless Chapter 2925 provides differently, the requirements of R.C.2929.14(B) and (C) shall be followed." Id. at 520. The court went on to note one example of a drug statute that provides specific direction as to the term of imprisonment to be imposed, which would, by the language of R.C. 2929.14(B), supersede the requirements of that section. The court observed:
R.C. 2925.11(C)(4)(f), states that if the amount exceeds one thousand grams of cocaine or exceeds one hundred grams of crack cocaine, then the court must impose the maximum sentence available for the offense. This section of R.C. 2925 is at odds with the portions of R.C. 2929.14(B) and (C) that require the court to consider factors to vary from the minimum or to impose the maximum sentence. Thus, R.C. 2929.14(B) and (C) would not be applicable to such an offense.
Id.
 {¶ 11} We concur with the sound reasoning of the Second, Seventh and Eighth Appellate Districts on this issue. It is clear from the fact that the General Assembly included specific prescriptions regarding sentencing in at least one, but not all drug offense statutes, that it intended that only those drug statutes containing specific prescriptions regarding prison terms would supersede the requirements of R.C. 2929.14(B). By the plain language of R.C. 2929.14(B), unless the statute governing the defendant's offense is both enumerated in that subsection and provides for less discretion than that provided in R.C. 2929.14(B), then the sentencing court's discretion is conferred by R.C. 2929.14(B). In such cases, the trial court is bound by the requirement that certain findings are a prerequisite to the imposition of a non-minimum sentence.
 {¶ 12} In the present case, appellant's sentence was governed by R.C. 2925.03(C)(4)(e) for the two trafficking counts and R.C.2925.11(C)(4)(d) for the possession count. R.C. 2925.03(C) provides, in pertinent part:
(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
* * *
(e) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds one hundred grams but is less than five hundred grams of cocaine that is not crack cocaine or equals or exceeds ten grams but is less than twenty-five grams of crack cocaine, trafficking in cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree. * * *
R.C. 2925.03 contains no prescription as to a specific prison term to be imposed, but allows the trial court to choose any term of imprisonment prescribed for a felony of the second degree, to wit: two to eight years. R.C. 2929.14(A)(2). We find no language within R.C. 2929.03 that is at odds with R.C. 2929.14(B). Accordingly, the requirements of R.C. 2929.14(B) must be met before a non-minimum sentence may be imposed upon appellant on the two drug trafficking counts to which he pled guilty.
 {¶ 13} R.C. 2925.11(C) provides, in pertinent part:
(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
* * *
(d) If the amount of the drug involved equals or exceeds one hundred grams but is less than five hundred grams of cocaine that is not crack cocaine or equals or exceeds ten grams but is less than twenty-five grams of crack cocaine, possession of cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.
Like R.C. 2925.03, R.C. 2925.11 contains no prescription as to a specific prison term to be imposed, but allows the trial court to choose a term of imprisonment of two to eight years. Upon examination of R.C.2929.11, we find no language therein that provides for less discretion than that conferred upon trial courts by R.C. 2929.14(B). Thus, the requirements of R.C. 2929.14(B) must be met before a non-minimum sentence may be imposed upon appellant on the drug possession count.
 {¶ 14} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the Supreme Court of Ohio held that, pursuant to R.C. 2929.14(B), when imposing a non-minimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing. Id. at paragraph two of the syllabus. Thus, we look to the transcript of the sentencing hearing to determine whether the trial court stated the findings required before imposing non-minimum sentences on the drug counts.
 {¶ 15} Our thorough review of the transcript of appellant's sentencing hearing reveals that the trial court made no mention of whether or not appellant had previously served a prison term, and did not mention either of the other two findings enumerated in R.C.2929.14(B).[3] The court did not articulate any acknowledgement that it was imposing more than the minimum sentence on the three drug counts. With no discussion regarding the imposition of non-minimum sentences on the record, we must reverse and remand this case for resentencing to be conducted in compliance with Comer. Accordingly, appellant's first assignment of error is sustained.
 {¶ 16} In his second assignment of error, appellant argues that the trial court failed to place the requisite findings on the record justifying the court's imposition of consecutive sentences, and failed to engage in a meaningful analysis supporting those findings. R.C.2929.14(E)(4) requires that sentencing courts make certain findings prior to imposing consecutive sentences. That statute provides:
If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 17} "* * * [W]hen imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer, supra, at paragraph one of the syllabus. Thus, once again, we review the transcript of appellant's sentencing hearing in assessing whether the trial court made the required findings and engaged in the appropriate analysis of the facts prior to imposing consecutive sentences.
 {¶ 18} The facts respecting the offenses to which appellant pled guilty were described thusly by the trial court at the sentencing hearing:
Well, the record — you know, the record in this case really supports some significant prison sentence because we have what can only be considered as an ongoing established drug dealing situation.
We have multiple sales to the undercover officers on a search warrant, all of which were of, you know, not an insignificant single rock, two rocks, whatever. A search warrant is executed at the defendant's home, 476 grams of powder with a couple of grams of rock, $31,130 in cash, digital scale, razor blade residue, baggies, .9 millimeter calico, a ruger .9 millimeter P89, bullet proof vest, mossberg .88 shotgun, cutting agents, pagers, 14 cell phones. This is not some sort of an afternoon in the park selling somebody a piece of weed or whatever.
I have three felonies of the second degree. Each one carries a possible eight years. That right there is a possible 24-year sentence.
(Feb. 7, 2003 Tr. at 6.)
 {¶ 19} After being notified that the state intended to defer to the court as to the sentence to be imposed, the court engaged in the following discussion on the record:
Well, of course, the difficult decision is what I do with a 26-year-old man who has an agg trafficking at age 16, a drug abuse at age 16, a trafficking at age 16, both of them, the last two, case closed, but started out that way; an M-1 assault, which was dismissed for failure to prosecute, and a resisting; and then at age 19 — I'm sorry, at age 19 in '96, an F-3 drug abuse, dismissed. So that's the prior history, and Mr. Walker is here on pretty big time offenses.
I'm going to impose on counts — I want to make sure I have these correct. I believe it's counts 1, 3, and 5 are the two trafficking and possession charges at F-2 levels. I'm going to impose three years consecutively on each of those counts. That's nine years, okay?
I'll impose a one-year sentence[4] on count 7, possession of a dangerous ordinance, [sic] concurrently.
Remember, that could have been 24 years, plus one, 25. You bit 25 years worth here and nine total is less than half of that, plus the State dropped a bunch of charges.
The court makes the following finding: First of all, this is a mandatory sentence. I have nothing to do with that.
No. 2, the court concludes that consecutive prison terms are necessary to protect the public, to punish the defendant, and are not disproportionate to the offenses. The court further finds that the harm committed was so great or unusual that a single term would not adequately reflect the seriousness of the conduct. And the court also concludes that consecutive terms are needed to protect the public.
This is under 2929.14(E)(4).
There's also, I believe, a $20,000 mandatory fine, plus court costs.
I have also a six months driver's license suspension.
(Id. at 7-9.)
 {¶ 20} Here, the record satisfies the requirements of R.C.2929.14(E)(4) Comer, supra. The court expressly found that consecutive sentences were necessary to protect the public and to punish appellant, and were not disproportionate to the seriousness of the offenses and their associated danger. The court further described the ongoing nature of appellant's sizable drug-dealing enterprise, and expressly found that appellant's offenses committed in the course of conducting this enterprise caused harm so great or unusual that a single term would not adequately reflect the seriousness of his conduct. In support of its findings, the court described in detail the voluminous evidence collected during the search of appellant's home. This evidence led the court to draw a distinction between the extensive operation in which appellant was engaged and an isolated sale of a small quantity of an illicit substance. The court drew this distinction while concluding that, on the facts before it, appellant's convictions warranted a "significant prison sentence." (Feb. 7, 2003 Tr. at 6.) The court also detailed appellant's numerous prior contacts with the criminal justice system, as set forth in the pre-sentence investigation. We conclude that the trial court made the findings required for the imposition of consecutive sentences, and gave reasons supporting those findings, at the sentencing hearing. Thus, we overrule appellant's second assignment of error.
 {¶ 21} Appellant's first assignment of error is sustained and his second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
Bowman and Klatt, JJ., concur.
[1] The state presents no alternative argument that the trial court in fact made the findings required under R.C. 2929.14(B).
[2] Cook resolved a conflict then existing within the Eighth District on the issue of whether drug offenses are categorically exempt from R.C.2929.14(B). See State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121;State v. Morris (Oct. 29, 1998), Cuyahoga App. No. 73514; State v. Davis
(Dec. 3, 1998), Cuyahoga App. No. 73680; State v. Lewis (Jan. 21, 1999), Cuyahoga App. No. 74924; State v. Moore (June 24, 1999), Cuyahoga App. No. 74322; State v. Kincaid (Dec. 2, 1999), Cuyahoga App. No. 75435;State v. Ayala (Dec. 16, 1999), Cuyahoga App. No. 75207; State v. Cruz
(Jan. 27, 2000), Cuyahoga App. No. 75723; and State v. Trembly (Mar. 27, 2000), Cuyahoga App. No. 75996.
[3] The portion of the transcript relevant to our inquiry is reprinted in full, infra.
[4] The judgment entry reflects that the court actually imposed 11 months for possession of dangerous ordnance.