THE STATE OF OHIO, APPELLEE, *v.* DELANEY, APPELLANT.

[Cite as State *v.* Delaney (1984), 11 Ohio St. 3d 231.]

(No. 83-1193—Decided June 27, 1984.)

*Mr. Lynn C. Slaby,* prosecuting attorney, *Mr. Philip Bogdanoff* and *Mr. Marc R. Wolff,* for appellee.

*Messrs. Frost, Freytag & Hunter* and *Mr. Warren M. Enders,* for appellant.

*Per Curiam.* The primary issue before the court is whether the appellant was denied due process during the course of proceedings that led to the revocation of his probation. In *Morrissey* v. *Brewer, supra,* the United States Supreme Court delineated certain minimum requirements of due process for parole revocation proceedings. The court then held, in *Gagnon* v. *Scarpelli, supra,* that these requirements also were applicable to probation revocation proceedings. Appellant herein asserts that two of the *Morrissey-Gagnon* requirements were not met in the instant case, and that he was deprived of due process as a result thereof.

Appellant first contends that he was not afforded a preliminary "probable cause" hearing. In *Gagnon,* the Supreme Court held at 782 that probationers are "entitled to a preliminary and final revocation hearing, under the conditions specified in *Morrissey* v. *Brewer*." The preliminary hearing, as described in *Morrissey,* at 485, is "to determine whether there is probable cause or reasonable ground to believe that the arrested * * * [probationer] has committed acts that would constitute a violation of * * * [probation] conditions." This hearing is designed to prevent a probationer from being incarcerated unjustly pending a final determination as to whether probation should be revoked. Since, as the court noted in *Morrissey,* "[t]here is typically a substantial time lag between the arrest and the eventual [revocation] determination," *id.,* a preliminary probable cause hearing should be held before an independent decision maker, "as promptly as convenient after arrest while information is fresh and sources are available." *Id.*

Appellant claims in his brief to this court that he was prejudiced because he had no opportunity to question adverse witnesses or present the testimony of his own witnesses until the final revocation hearing of October 29, 1982, which was thirty-six days after his arraignment and confinement in the Summit County Jail. We note that appellant did not object to the lack of preliminary hearing, however, until after the close of the state's case at the October 29 hearing. Appellant's "objection," which was brought as a motion to dismiss, stated only that the holdings in *Morrissey* and *Gagnon* require that two separate hearings be held, but offered no explanation of how appellant was prejudiced by not being afforded a preliminary hearing in this case.

In light of the dual purpose of the *Morrissey-Gagnon* preliminary hearing, which is to prevent the incarceration of a probationer without probable cause and to allow independent review of the charges against him "while information is fresh and sources are available," we find that appellant's "objection" was not timely and the lack of a preliminary hearing in this case was not prejudicial. By waiting until the final revocation hearing to protest the state's failure to afford him a probable cause hearing, the appellant waived his right to a hearing on the issue of whether his incarceration was with probable cause. A probable cause hearing is designed, in part, to prevent unjust incarceration *pending a final revocation determination.* Since the appellant's objection was not raised until the final hearing itself, the purpose of a preliminary hearing was frustrated insofar as the incarceration that would

have been at issue in such a hearing had already taken place. The trial court was powerless to "remedy" appellant's previously served jail time, and his incarceration pending the final evidentiary hearing is not a basis for reversal of the trial court's final revocation determination. See *Gerstein* v. *Pugh* (1975), 420 U.S. 103, 119; *United States* v. *Companion* (C.A. 2, 1976), 545 F. 2d 308, 313; *Lewis* v. *United States Parole Comm.* (E.D. Mich. 1978), 448 F. Supp. 1327; See, also, *Howie* v. *Commonwealth* (1981), 222 Va. 625, 283 S.E. 2d 197.

The trial court would not have been powerless, however, to provide a remedy if the appellant had shown that he had been prejudiced because information was no longer "fresh" or sources were no longer "available" at the time of the final revocation hearing. Appellant alleged no such prejudice before the trial court, and his bare allegations of prejudice before the court of appeals and this court are not supported by any evidence in the record. Although there may be instances when the delay between arrest and a final revocation hearing is so long that prejudice to a probationer is inherent, this is not such a case. The thirty-six day period between appellant's confinement and the final revocation hearing was not so unreasonable as to be inherently prejudicial to the appellant.[2]

The appellant's second contention regarding his alleged deprivation of due process is founded upon the *Morrissey-Gagnon* requirement that the "factfinder" provide a " 'written statement * * * as to the evidence relied on and the reasons for revoking [probation or] parole.' " *Gagnon* v. *Scarpelli, supra,* at 786 (citing *Morrissey* v. *Brewer, supra,* at 489). No such written statement was provided in the instant case, but the trial court judge orally stated his findings and reasons for revoking appellant's probation. This statement was made on the record and directed to the appellant, who was present at the time.[3]

---

[2] We note that this holding is based upon the facts of the instant case and should not be construed to permit the state to bypass preliminary hearings whenever a final revocation hearing is scheduled to take place within thirty-six days of a probationer's arrest and confinement. Appellant herein was represented by counsel at his arraignment and throughout the course of the probation revocation proceedings below. Appellant had received written notice of the charges against him, and the record reveals that he was fully apprised of these charges. The final revocation hearing in this case originally was scheduled to take place only fifteen days after appellant's arraignment on September 23, but was postponed on motion of appellant's counsel. Appellant has offered no evidence to support the assertion that he was prejudiced by the lack of a preliminary hearing.

[3] The relevant portion of this statement is, as follows:

"Now, this Court has tried to accommodate Mr. Delaney on a number of occasions. And I'm satisfied in my mind that the prosecution here has established by a preponderance of the evidence that Mr. Delaney is guilty of this probation violation.

"Apparently, Mr. Delaney has a different concept of what probation is than the Court has. When a person is put on probation it's the Court's idea that that person from that point on will act as a law abiding, respectable citizen, but apparently that is not the idea of probation that Mr. Delaney has. He was arrested and convicted of Intoxication. That in itself was no serious matter. It's a minor misdemeanor. One of the conditions of his probation is that he is to refrain from of-

Although we do not condone the use of oral "explanations" in lieu of written statements detailing the basis for a trial court's determination in revocation proceedings, we find that, in this case, the trial court's statement sufficiently informed the appellant of the reasons for which his probation was being revoked, while also providing an adequate record for review on appeal. See *United States* v. *Rilliet* (C.A. 9, 1979), 595 F. 2d 1138; *Howie* v. *Commonwealth* (1981), 222 Va. 625, 283 S.E. 2d 197; *State* v. *Harris* (La. 1979), 368 So. 2d 1066; *Pearson* v. *State* (1976), 308 Minn. 287, 241 N.W. 2d 490. We therefore do not find any deprivation of the appellant's right to due process in this case.

The next issue raised by appellant is whether Crim. R. 32.3(C) and 44(B) prohibit a revocation of probation that results in confinement, when the sole reason for the revocation is the probationer's conviction, without the assistance of counsel, of a petty offense. The portions of Crim. R. 32.3(C) and 44(B) that are relevant to this issue are as follows:

Crim. R. 32.3(C) — "Confinement in petty offense cases. If confinement after conviction was precluded by Rule 44(B), revocation of probation shall not result in confinement. * * *"

Crim. R. 44(B) — "Counsel in petty offense. * * * When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel."

Appellant asserts that the revocation of his probation was due solely to his uncounseled intoxication conviction, and that this revocation is in violation of Crim. R. 32.3(C) and 44(B). We disagree with both assertions. First, the record reveals that the trial court's determination was based on several considerations *in addition to* appellant's intoxication conviction. Second, even if this conviction had been the sole basis for the trial court's determination, Crim. R. 32.3(C) and 44(B) would not have precluded appellant's confinement as a result of the reimposition of his original jail sentences. The court of appeals correctly analyzed the intent of Crim. R. 32.3(C) and 44(B), as follows:

"The purpose of Crim. R. 32.3(C) is to protect the probationer from receiving a more harsh punishment upon revocation than he could have received upon conviction of his original offense.

"In the instant case there is nothing in Crim. R. 44(B) that bars appellant

---

fensive conduct. His conduct in the Akron Municipal Building over there, the courthouse, shouting in the hallways, that's offensive to the dignity of the court over there. His resisting being placed into a cell is offensive conduct. His being arrested for grand theft is offensive conduct to this Court and to the community and to the state.

"I don't know what else we can do for Mr. Delaney other than lock him up. If he refuses to behave himself I guess we'll just have to lock him up then.

"The Court finds, Mr. Delaney, that you have violated your probation. The Court is revoking it and I am reimposing the sentence that was heretofore suspended."

from being confined for the crimes for which he was originally placed on probation by the court of common pleas. Therefore, Crim. R. 32.3 does not forbid confinement for revocation of probation in this case.''

The appellant's final proposition is that the trial court's decision was not supported by sufficient probative evidence. Upon review of the record, we hold that substantial evidence supports the judgment of the trial court.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J.P. CELEBREZZE, JJ., concur.