[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
We overrule the appellant's first assignment of error upon our determination that the common pleas court, in the proceedings that resulted in the termination of the appellant's community-control sanction, afforded the appellant due process.[1] The appellant cannot be said to have been prejudiced by the court's failure to provide him with written notice of the community-control violations with which he was charged, when the record demonstrates that he was amply apprised of and fully prepared to defend against the charged violations. See State v. Wright (Nov. 29, 1995), Hamilton App. No. C-940999, unreported. Nor was the appellant denied due process by the court's failure to place of record a written statement detailing the reasons for and the evidence supporting the termination of his community-control sanction, when the court's statements from the bench sufficed to inform the appellant of the bases for termination and to provide this court with an adequate record for review. See State v. Delaney (1984), 11 Ohio St.3d 231, 235,465 N.E.2d 72, 75-76.
We overrule the second assignment of error, because our review of the record of the proceedings below discloses substantial evidence supporting the common pleas court's determination that the appellant had violated the terms of his community-control sanction. Cf. State v. Favors (July 30, 1997), Hamilton App. No. C960804, unreported; State v. Hylton (1991),75 Ohio App.3d 778, 782-783, 600 N.E.2d 821, 824 (holding that probation may be revoked only upon "substantial" evidence of a violation).
We, therefore, affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on November 17, 1999, per order of the Court _______________________________. Presiding Judge
[1] Community-control termination proceedings are sufficiently analogous to probation revocation proceedings that the minimal due-process requirements established in Morrisey v. Brewer (1972),408 US. 471, 92 S.Ct. 2593, and extended to probation revocation proceedings in Gagnon v. Scarpelli (1973), 411 U.S. 778,93 S.Ct. 1756, logically extend to community-control termination proceedings. See State v. Todd (Mar. 29, 1999), Auglaize App. No. 2-98-25, unreported; accord State v. Craig (Dec. 4, 1998), Hamilton App. No. C-980093, unreported.