OPINION
{¶ 1} This matter is before the court on the notice of appeal of George Wright, Jr., filed November 22, 2005. On May 19, 2004, a Montgomery County Grand Jury indicted Wright on one count of having weapons while under disability, in violation of R.C.2923.13, a felony of the third degree. On July 16, 2004, Wright filed a Motion to Suppress, which the trial court overruled on August 11, 2004. On October 28, 2004, Wright pled no contest to having weapons while under disability. On December 13, 2004, the trial court sentenced Wright to five years of community control sanctions, and his sanctions included a requirement that he attend the Victims of Violent Crime Impact Panel ("Panel").
 {¶ 2} On July 11, 2005, Wright was denied admittance to the Panel because when he reported he appeared to be under the influence of alcohol. The trial court issued a written Notice of Community Control Violation Hearing and Order on August 2, 2005, informing Wright that he "failed to comply with the sanctions of your intensive supervision as indicated by you reporting to the Adult Probation Department under the influence of alcohol on July 11, 2005, * * * failure to attend the [Panel] as scheduled * * *." On September 7, 2005, the trial court held a revocation hearing. Although Wright argues that he merely "violated my conditions by having a beer * * *", the record reveals the following exchange between Wright and the court:
 {¶ 3} "THE COURT: * * * Is that your admission, sir, that you appeared at the probation department under the influence of alcohol on July 11, 2005 and that as a result of your condition, you were not permitted to attend the Victims of Violence impact Panel?
 {¶ 4} "MR. WRIGHT: Correct, Your Honor."
 {¶ 5} Following Wright's admission, the trial court found that he was no longer amenable to community control sanctions, and it revoked the terms and conditions of those sanctions, stating in relevant part: "after reviewing this matter and your admission, I am going to find that you violated the terms and conditions of your community control sanctions by appearing under the influence of alcohol at the Adult Probation Department on July 11, 2000-2005, and failing to complete your other case plan objectives, including attending the Victims of Violence Impact Panel.
 {¶ 6} "The fact that you appeared under the influence of alcohol, that was your choice, and you rendered your appearance at that program impossible.
 {¶ 7} "I'm going to find, based upon your record, based upon the presentence investigation that you have had numerous opportunities at treatment. You've been to the institution several times. It appears to be at least three times in the past, and that you have not availed yourself or put the opportunities available to you there." The trial court subsequently sentenced Wright to a one-year prison term.
 {¶ 8} Wright's sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED TO THE DEFENDANT-APPELLANT'S PREJUDICE WHEN IT ABUSED ITS DISCRETION AND REVOKED HIS COMMUNITY CONTROL STATUS."
 {¶ 10} According to Wright, the trial court abused its discretion "when it failed to provide written findings of facts relied upon in revoking the community control." Wright further argues that without "written findings of facts, it is not possible to present a challenge to the Court's decision [and] * * * it is in direct violation of Mr. Wright's due process rights as guaranteed by the United States Constitution." The State argues that "the trial court did not abuse its discretion by revoking Wright's community control without a written finding of facts because Wright admitted to violating his community control sanctions, thereby providing the facts the Court considered."
 {¶ 11} We agree with the State. "The right to continue on community control depends on compliance with community control conditions and `is a matter resting within the sound discretion of the court.' (Internal citations omitted). Abuse of discretion is `more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.' (Internal citations omitted). In this context, we have often stressed that decisions are unreasonable if they are not supported by a sound reasoning process." State v. Schlecht,
Champaign App. No. 2003-CA-3, 2003-Ohio-5336.
 {¶ 12} While the revocation of parole is not a part of the criminal prosecution, the loss of liberty involved is "a serious deprivation" entitling the parolee to due process. Gagnon v.Scarpelli, (1973), 411 U.S. 778, 781, 93 S.Ct. 1756,36 L.Ed.2d 656. To accord proper due process, a probation revocation hearing must contain: "(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses * * *; (e) a `neutral and detached' hearing body * * *; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking [probation or] parole." Id. at 786.
 {¶ 13} Where a trial judge directs oral statements, on the record, to the defendant, detailing the court's findings and reasons for revoking the defendant's probation, "the trial court's statement sufficiently inform[s] the [defendant] of the reasons for which his probation [is] being revoked, while also providing an adequate record for review on appeal." State v.Delaney (1984), 11 Ohio St.3d 231, 235, 465 N.E.2d 72, 11 O.B.R. 545.
 {¶ 14} Wright received written notice of his violations. He did not exercise his right to present evidence or witnesses at his hearing and instead admitted to violating his community control sanctions. The trial court explained to Wright that, due to his admission and his criminal record, his community control sanctions were revoked, and that he would be sentenced accordingly. Not only was Wright afforded due process, and an adequate record from which to perfect his appeal, given his admission, any argument regarding his revocation is waived. There being no abuse of discretion, Wright's assignment of error is overruled. Judgment affirmed.
Grady, P.J. and Fain, J., concur.