OPINION
{¶ 1} Appellant Timothy Isles appeals the decision of the Court of Common Pleas, Stark County, which revoked his community control and imposed a prison sentence. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 25, 2005, the Stark County Grand Jury indicted appellant on one count of burglary, R.C. 2911.12(A)(2). After several pre-trial hearings, appellant withdrew his original plea of not guilty, and entered a plea of guilty on March 14, 2005. Following a sentencing hearing on April 19, 2005, appellant was sentenced on the burglary conviction to community control for five years, and ordered to follow all rules of intensive supervised probation. These rules included the condition that appellant have no further criminal convictions.
 {¶ 3} In December 2005, appellant's probation officer, Christopher Sengos, filed separate motions to revoke community control sanctions based on appellant being charged with felonious assault in the Canton Municipal Court (case number 2005CRA06238) and being convicted of misdemeanor theft in the Canton Municipal Court (case number 2005CRB05677).
 {¶ 4} Appellant stipulated to probable cause on the revocation motions, and the matter proceeded to an evidentiary hearing on January 6, 2006. The court thereupon found appellant to be in violation of the terms and conditions of community control, and granted revocation. A five-year prison term was thereupon imposed upon appellant.
 {¶ 5} Appellant filed a notice of appeal on February 13, 2006. He herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE TRIAL COURT VILOATED (SIC) THE DEFENDANT/ APPELLANT'S RIGHT TO DUE PROCESS BY FINDING HIM IN VIOLATION OF HIS COMMUNITY CONTROL SANCTION WHEN THE BASIS OF HIS VIOLATION WAS A MISDEMEANOR CONVICTION TO WHICH HE PLEADED NO CONTEST TO (SIC) WITHOUT THE BENEFIT OF COUNSEL AND WAS FOUND GUILTY.
 I. {¶ 7} In his sole Assignment of Error, appellant contends his due process rights were violated where his community control revocation was based on a subsequent uncounseled first-degree misdemeanor conviction of theft. We disagree.
 {¶ 8} The due process requirements set forth by the United States Supreme Court in Morrissey v. Brewer (1972), 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484, with regard to parole violation hearings, are applicable to probation revocation proceedings. State v. Crace, Fairfield App. No. 05CA93, 2006-Ohio-3027, ¶ 19, citing Gagnon v.Scarpelli (1973), 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656. Furthermore, Crim.R. 44 guarantees the right to counsel at every stage of the proceeding, and Crim.R. 32.3(B) guarantees the right to counsel during probation revocation proceedings. In addition, Crim.R. 32.3(C), captioned "Confinement in petty offense cases," reads as follows: "If confinement after conviction was precluded by Crim.R. 44(B), revocation of probation shall not result in confinement. If confinement after conviction was not precluded by Crim.R. 44(B), revocation of probation shall not result in confinement unless, at the revocation hearing, there is compliance with Crim.R. 44(B)."
 {¶ 9} The parties in the case sub judice do not dispute that the misdemeanor theft conviction leading to appellant's revocation was based on an uncounseled plea of no contest in municipal court to a "petty offense." See Crim.R. 2(D). Appellant essentially argues that sentencing him, via community control revocation, to a five-year prison sentence based on this subsequent unassisted petty offense plea and conviction is a violation of his right to due process.
 {¶ 10} The Ohio Supreme Court addressed such a scenario in State v.Delaney (1984), 11 Ohio St.3d 231, stating as in pertinent part follows:
 {¶ 11} "Appellant asserts that the revocation of his probation was due solely to his uncounseled intoxication conviction, and that this revocation is in violation of Crim.R. 32.3(C) and 44(B). We disagree with both assertions. * * * [E]ven if this conviction had been the sole basis for the trial court's determination, Crim.R. 32.3(C) and 44(B) would not have precluded appellant's confinement as a result of the reimposition of his original jail sentences. The court of appeals correctly analyzed the intent of Crim.R. 32.3(C) and 44(B), as follows:
 {¶ 12} "`The purpose of Crim.R. 32.3(C) is to protect the probationer from receiving a more harsh punishment upon revocation than he could have received upon conviction of his original offense.
 {¶ 13} "`In the instant case there is nothing in Crim.R. 44(B) that bars appellant from being confined for the crimes for which he was originally placed on probation by the court of common pleas. Therefore, Crim.R. 32.3 does not forbid confinement for revocation of probation in this case.'"
 {¶ 14} Id. at 235-236.
 {¶ 15} Pursuant to Delaney, we are unpersuaded that appellant's revocation of community control under these circumstances resulted in a violation of appellant's right to due process of law. Accord State v.Van Johnson (June 24, 1992), Mahoning App. No. 89 CA 138.
 {¶ 16} Appellant's sole Assignment of Error is overruled.
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, P. J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.