[Cite as *In re C.E.S.*, 2014-Ohio-4296.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| C.E.S., DELINQUENT CHILD | : | |
| | | **CASE NO. 2013-L-118** |
| | : | |
| | : | |
| | : | |

Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2013 DL 00850.

Judgment: Reversed and remanded.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, C.E.S., Delinquent Child, appeals from the October 19, 2013 judgment of the Lake County Court of Common Pleas, Juvenile Division, adopting all of the Probation Review Board's recommendations and sentencing him to ten days in the Lake County Juvenile Detention Facility for a probation violation. For the reasons that follow, we reverse and remand.

**{¶2}** On April 15, 2013, a delinquency complaint was filed against appellant in the Geauga County Court of Common Pleas, Juvenile Division, on two counts: count one, menacing, in violation of R.C. 2903.21(A), a misdemeanor of the first degree if committed by an adult; and count two, disorderly conduct, in violation of R.C. 2917.11(A)(1), a minor misdemeanor if committed by an adult.[1] Appellant entered a plea of not true to both counts.

**{¶3}** However, on April 24, 2013, count one was dismissed. Thereafter, appellant entered a plea of true to count two which was accepted by the court. The case was later transferred to the Lake County Court of Common Pleas, Juvenile Division, as appellant is a Lake County resident. A dispositional hearing was held on July 31, 2013. Appellant was placed on indefinite probation with a 90-day sentence in the juvenile detention facility which was suspended based on his compliance with probation rules.

**{¶4}** On October 3, 2013, a probation officer filed a "Motion To Impose Dispositions" alleging that appellant had consumed alcohol on September 22, 2013, thereby violating a condition of his probation. Appellant appeared before the Probation Review Board. Appellant's mother and the probation officer who filed the motion were present with appellant during the proceeding.

**{¶5}** Appellant and his mother each waived their right to counsel. Appellant also waived his right to a probable cause hearing as well as a final hearing and admitted the probation violation. Specifically, a form subtitled "Rights in Court, Consequences/Dispositions, Pleas and Waiver of Counsel" was filed. Appellant signed the form. However, the line providing for the judge's or magistrate's signature is blank.

---

1. Count one was later amended to aggravated menacing.

Appellant's mother signed a similar form waiving her right to counsel. In addition, appellant signed a form titled "Waiver of Final Hearing." That form provides no signature line for a judge or magistrate.

{¶6} The Probation Review Board made several recommendations as a result of the probation violation. One of the recommendations was that appellant be continued on probation and that he be held for ten days in the juvenile detention facility. There is no indication that any of the three board members who signed off on the recommendations were judges or magistrates.

{¶7} Nevertheless, on October 19, 2013, the juvenile court adopted all of the Probation Review Board's recommendations and sentenced appellant to ten days in the juvenile detention facility for the probation violation. Appellant filed a timely appeal and asserts the following assignment of error:

{¶8} "The Probation Violation Board utilized by the juvenile court in the instant case violated the delinquent child-appellant's right to due process and assistance of counsel as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution."

{¶9} Under his sole assignment of error, appellant presents three issues:

{¶10} "[1.] The juvenile's right to due process was violated when the trial court, rather than holding a court hearing on his alleged probation violation, permitted its Probation Review Board to consider the matter and impose consequences.

{¶11} "[2.] The juvenile's written waivers of his right to counsel and to a final probation violation hearing were not valid waivers where he was not brought before the

3

juvenile court to address these waivers of his constitutional rights in a hearing as required by Juv.R. 3, Juv.R. 29 and Juv.R. 35.

{¶12} "[3.] The juvenile's due process rights were violated when the trial court failed, pursuant to Juv.[R.] 35(B), to find that the juvenile had been notified of the condition of probation he was charged with violating prior to adopting the recommendations of the Probation Review Board."

{¶13} At the outset, we note again that appellant was charged with violating the terms of his probation by consuming alcohol. Appellant was taken before the Probation Review Board where he signed paperwork waiving his right to counsel and his right to a final probation violation hearing before a judge or magistrate. Appellant admitted to the probation violation and received consequences that included incarceration in the juvenile detention facility.

{¶14} We are called upon to determine whether this out-of-court procedure by the juvenile court's utilization of the Probation Review Board violated appellant's rights to due process and assistance of counsel. Appellee, the state of Ohio, agrees with appellant's arguments and concedes that the court erred in not personally addressing appellant.

{¶15} Upon consideration, we agree that the court committed error and that this case should be reversed and remanded for a probation violation hearing before the juvenile court in compliance with Supreme Court of Ohio precedent and the Ohio Rules of Juvenile Procedure.

4

{¶16} It is well-established that juveniles have the rights to due process and assistance of counsel in juvenile proceedings, including those matters involving revoking probation. *See In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶79, citing *In re Gault*, 387 U.S. 1, 41 (1967); *see also State v. Delaney*, 11 Ohio St.3d 231, 233 (1984).

{¶17} This court summarized certain general due process requirements regarding revoking probation in *State v. Sallaz*, 11th Dist. Trumbull No. 2003-T-0009, 2004-Ohio-3508, ¶36-38:

{¶18} "In *Gagnon v. Scarpelli*, (1973), 411 U.S. 778, * * * the United States Supreme Court set forth the minimum due process requirements for the revocation of probation. The court concluded that a probationer is entitled to a two-tiered hearing process when charged with a probation violation. *Id.* at 782. First, a court must conduct a preliminary or probable cause hearing. The probable cause hearing is a trial court's timely inquiry into the probationer's conduct, the validity of the conditions alleged violated, and the reasonable grounds for the violation. *Delaney* [,*supra,* at 233]. The probable cause hearing is designed to prevent a probationer's unjust imprisonment pending a revocation hearing. *Id.*

{¶19} "Next, the probationer is entitled to an actual merits hearing on the probation violation. The probation revocation hearing is not a criminal trial but an informal hearing structured to assure that the finding of a probation violation will be grounded on verified facts and that the exercise of discretion will be informed by accurate knowledge of the probationer's behavior. *State v. Loesser* (July 24, 1997), 8th

5

Dist. No. 71480, 1997 Ohio App. LEXIS 3208, at *10. 'The rules of evidence do not apply to probation revocation proceedings.' *Id.*, citing Evid.R. 101(C)(3).

**{¶20}** "The final revocation hearing is less summary in nature than the probable cause hearing because the decision under consideration is the actual revocation rather than a mere determination of probable cause. Therefore, due process requires: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) an opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation. See, *Gagnon*, *supra*, at 786." (Parallel citations omitted.)

**{¶21}** As the case at bar involves a juvenile, we note that the Supreme Court of Ohio stated in *In re L.A.B.*, 121 Ohio St.3d 112, 2009-Ohio-354, syllabus:

**{¶22}** "A probation revocation hearing is an adjudicatory hearing, which is held to determine whether a child is delinquent as defined by R.C. 2152.02(F)(2); therefore, both Juv.R. 29, setting forth the procedure for adjudicatory hearings, and Juv.R. 35(B), setting forth the procedure for the revocation of probation, are applicable to the hearing."

**{¶23}** The Court went on to state:

**{¶24}** "[I]t appears that the earlier paternalistic approach to juveniles is giving way to an incorporation of more of the due-process protections found in adult criminal law. However, it is still clear that juvenile proceedings have markedly different aims from adult criminal proceedings. Juvenile courts are still venues for facilitating the

6

rehabilitation of the child, but it is critical for due-process protections to be followed while accounting for the special nature of the juvenile who is delinquent as opposed to the adult who is a criminal defendant." *Id.* at ¶55.

{¶25} Because a probation revocation hearing may result in the confinement of a child, it is imperative that a child's waiver of the right to counsel be made knowingly and voluntarily. *Id.* at ¶56. The detailed procedure established by Juv.R. 29 aids juvenile courts in ensuring this right is fully protected, subjecting it to a totality-of-the-circumstances test. *Id.* at ¶56-57.

{¶26} Juv.R. 29 states in part:

{¶27} "(B) Advisement and findings at the commencement of the hearing.

{¶28} "At the beginning of the hearing, the court shall do all of the following:

{¶29} "(1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;

{¶30} "(2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv.R. 30 where the complaint alleges that a child fourteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;

{¶31} "(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;

**{¶32}** "(4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel;

**{¶33}** "(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent.

**{¶34}** "* * *

**{¶35}** "(D) Initial procedure upon entry of an admission.

**{¶36}** "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

**{¶37}** "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

**{¶38}** "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

**{¶39}** In addition, the procedure in Juv.R. 35, regarding proceedings after judgment, is not different from that in Juv.R. 29 but rather supplements it. *In re L.A.B., supra,* at ¶52. Juv.R. 35 states in part:

**{¶40}** "(B) Revocation of probation.

**{¶41}** "The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where

8

entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified."[2]

{¶42} In this case, the record establishes that appellant's due process rights were violated as the juvenile court did comply with Juv.R. 29 and 35, and the Supreme Court of Ohio's precedent in *In re L.A.B., supra.* The facts presented show that the court did not hold a hearing on the alleged probation violation but rather had the Probation Review Board consider the matter and impose consequences. No Ohio case law provides that probation violations be "heard" before a board, the process used in the case at bar. Rather, the law in Ohio provides that probation violations or revocations involving juveniles be heard before a court, comprised of a judge or magistrate, which did not occur in this case. Thus, appellant's due process rights were violated when he appeared before the Probation Review Board regarding his alleged probation violation instead of before the juvenile court, as required by Juv.R. 29 and 35.

{¶43} In addition, regarding the waiver of counsel, Juv.R. 3 states:

{¶44} "(D) Any waiver of the right to counsel shall be made in open court, recorded, and in writing. In determining whether a child has knowingly, intelligently, and voluntarily waived the right to counsel, the court shall look to the totality of the circumstances including, but not limited to: the child's age; intelligence; education; background and experience generally and in the court system specifically; the child's emotional stability; and the complexity of the proceedings. The Court shall ensure that

---

2. Juv.R. 34(C) requires that the child receive a written statement of the conditions of probation. The entry filed by the Probation Review Board contains no finding that appellant had been notified pursuant to Juv.R. 34(C). Also, in adopting the recommendations of the Probation Review Board, the juvenile court's entry fails to make a finding regarding the notification of the conditions of probation.

9

a child consults with a parent, custodian, guardian, or guardian ad litem, before any waiver of counsel.  However, no parent, guardian, custodian, or other person may waive the child's right to counsel."

{¶45}  As stated, appellant signed two forms: (1) a form subtitled "Rights in Court, Consequences/Dispositions, Pleas and Waiver of Counsel," in which the line providing for the judge's or magistrate's signature is blank; and (2) a form titled "Waiver of Final Hearing,"  which provides no signature line for a judge or magistrate.  Appellant also waived his right to a probable cause hearing as well as a final hearing and admitted the probation violation.

{¶46}  As proceedings before the Probation Review Board are not recorded, no transcript is available.  Regardless, the requirements of Juv.R. 29 and 35 require that a discussion occur between appellant and the court, which did not take place here.  *See In re C.S., supra,* at ¶112 (holding "'[a]n admission in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11 in that both require that a trial court personally address the defendant on the record with respect to the issues set forth in the rules.'")  Because appellant never appeared in front of a judge or magistrate, the juvenile court was unable to determine whether his admission or waiver was knowing, intelligent, or voluntary, or whether he had been adequately advised of the rights he was waiving.  Thus, appellant's waivers are invalid.

{¶47} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Lake County Court of Common Pleas, Juvenile Division, is reversed and the matter is remanded for further proceedings consistent with this opinion.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.