[Cite as *State v. Phillips*, 2016-Ohio-1142.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 14CA010669 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CALEB N. PHILLIPS | OBERLIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 13CRB00530 |

DECISION AND JOURNAL ENTRY

Dated: March 21, 2016

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Caleb Phillips, now appeals from the judgment of the Oberlin Municipal Court. This Court affirms.

I

{¶2} In September 2013, Phillips pleaded guilty to one count of domestic violence and received a suspended jail sentence. The trial court placed him on Intensive Supervision Probation ("ISP") for a period of three years. As a condition of that supervision, the court ordered Phillips not to commit "any similar offense, any offense of violence or any alcohol related offense." It further ordered him to follow all of the conditions of standard community control and any conditions imposed by his community control officer.

{¶3} In September 2014, Phillips was arrested and arraigned on a new charge. The trial court issued a journal entry that provided, in relevant part:

Defendant appeared for arraignment on an unrelated charge. The Defendant was found to be intoxicated during the investigation. The court finds probable cause of a violation of the terms and conditions of the Defendant's ISP.

The court scheduled the matter for a merits hearing the following day on the possible community control violation. After listening to the evidence presented at the hearing, the court determined that Phillips had violated the terms and conditions of his court-ordered supervision. The court reimposed Phillips' suspended sentence, but agreed to stay the sentence so that Phillips could pursue an appeal.

{¶4}    Phillips now appeals from the court's judgment on his community control violation and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN REVOKING DEFENDANT-APPELLANT'S COMMUNITY CONTROL AND IMPOSING INCARCERATION WITHOUT ADHERING TO DUE PROCESS REQUIREMENTS UNDER THE FOURTEENTH AMENDMENT.

{¶5}    In his first assignment of error, Phillips argues that the trial court violated his due process rights when it revoked his community control without giving him (1) written notice of his alleged violation, and (2) a written statement of the evidence relied on and reasons for the revocation. We do not agree.

{¶6}    "The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed." Crim.R. 32.3. "[B]ecause community control is the functional equivalent of what was formerly probation, the same due process protections that applied to probation violations now apply to community control violations." *State v. Walton*, 9th Dist. Lorain No. 09CA009588, 2009-Ohio-6703, ¶ 5.

Those due process protections include "written notice of the claimed violations of [community control]" and "a written statement by the fact[-]finder[] as to the evidence relied on and reasons for revoking [community control]." *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973), quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). Phillips argues that the court violated his due process rights because it failed to comply with either of the foregoing protections.

{¶7} Initially, we note that Phillips did not object before the trial court on the basis that he was deprived of his due process rights. He did not claim that the court failed to give him notice of the claimed violation or that it failed to detail the evidence and reasons on which it had relied to revoke his community control. This Court has previously rejected such due process arguments when an offender has attempted to raise them for the first time on appeal. *See, e.g., State v. Robinson*, 9th Dist. Wayne No. 02CA0008, 2003-Ohio-250, ¶ 6-7; *State v. Lothridge*, 9th Dist. Lorain No. 3504, 1983 WL 4239, *1 (Sept. 21, 1983). Even assuming that Phillips preserved his arguments for appeal, however, we must conclude that they lack merit.

{¶8} "A lack of written notice does not mandate reversal of the trial court's decision[] [on a community control violation]. The probationer must show that he did not receive notice and that this lack of notice prejudiced his ability to prepare a defense." *State v. Newman*, 9th Dist. Summit No. 14984, 1991 WL 131674, *2 (July 10, 1991). Before Phillips' merits hearing, the court issued a journal entry in which it found that probable cause for a community control violation existed. The court wrote that there was probable cause that Phillips had violated the terms of his ISP because he had "appeared for arraignment on an unrelated charge * * * and was found to be intoxicated during the investigation."

{¶9} On appeal, the State has argued that the court's pre-hearing journal entry constituted written notice of Phillips' claimed community control violation. Phillips has not

addressed the State's argument in a reply brief. Instead, he points to the merits hearing transcript and argues that the basis of his violation was unclear, "as the parties talk about alleged alcohol consumption * * * and also about a pending assault charge * * *." Even if Phillips thought that he had to defend against an alleged community control violation on more than one basis, however, the court revoked his community control strictly on the basis that he had consumed alcohol. Phillips has not explained how his defense was prejudiced given that the court, consistent with its pre-hearing probable cause determination, based its actual revocation finding on his alcohol consumption. *See* App.R. 16(A)(7). As this Court has repeatedly held, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998). Phillips has not shown that he did not, in fact, receive notice of his alleged community control violation or that any lack of notice prejudiced his defense. *See Newman* at *2. As such, we reject his argument that the court violated his due process rights by failing to give him written notice of his claimed violation.

{¶10} Phillips' second argument is that the court did not provide him with a written statement "as to the evidence relied on and reasons for revoking [community control]." *Gagnon*, 411 U.S. at 786, quoting *Morrissey*, 408 U.S. at 489. In *State v. Delaney*, the Ohio Supreme Court considered whether a trial court violated a probationer's due process rights when it failed to provide him with a written statement of its findings, but orally announced its findings on the record and directed them to the probationer, who was present at the time. *State v. Delaney*, 11 Ohio St.3d 231, 234-235 (1984). The Supreme Court held that, while it did not "condone the use of oral 'explanations' in lieu of written statements," no due process violation had occurred. *Id.* at 235. That is because the trial court's oral announcement "sufficiently informed the appellant of

the reasons for which his probation was being revoked, while also providing an adequate record for review on appeal." *Id.* Having reviewed the record in the instant appeal, we must conclude that it is analogous to the record in *Delaney*.

{¶11} At the conclusion of the merits hearing, the trial court informed Phillips that it was basing its community control violation finding on the fact that he had consumed alcohol even though a condition of his ISP was that he not do so. The court noted that it "appear[ed] not only was there alcohol consumption, but the consumption of alcohol was more than just a couple of beers." The court pointed to the testimony of Phillips' mother, who had stated that she did not want Phillips to drive that day due to the amount of alcohol he had consumed. The court stated that it was "very concerned about Mr. Phillips' ability to follow the rules that he was given," so it was revoking his community control. Accordingly, the court sufficiently informed Phillips of the reasons it revoked his community control and provided an adequate record of the issue for appeal. *See id.* "Any error in regard to the trial court not providing written notice was harmless." *State v. Wilson*, 9th Dist. Lorain No. 02CA007993, 2002-Ohio-4403, ¶ 16. As such, Phillips' first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING DEFENDANT-APPELLANT'S COMMUNITY CONTROL IN LIGHT OF THE EVIDENCE AND THE RECOMMENDATION OF THE PROBATION DEPARTMENT.

{¶12} In his second assignment of error, Phillips argues that the trial court abused its discretion when it ordered him to serve the remainder of his jail sentence rather than allowing him to continue on community control with the addition of an alcohol monitor. We do not agree.

{¶13} "The trial court's decision to reimpose a suspended sentence on a community control violator is reviewed for an abuse of discretion." *State v. Harrah*, 9th Dist. Summit No.

25449, 2011-Ohio-4065, ¶ 14. An abuse of discretion implies that the court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶14} As previously noted, the court revoked Phillips' community control because there was evidence that he consumed an excessive amount of alcohol while on ISP. Phillips does not dispute that he violated the conditions of his ISP, but argues that the court abused its discretion in imposing his suspended sentence. He argues that a less severe sanction was appropriate because even his probation officer recommended that he remain on probation with an alcohol monitor. The court noted, however, that it was "extremely concerned" that Phillips had incurred a pending assault charge while on probation. The court acknowledged that Phillips had not yet been convicted of an assault, but stated that he had made the decision to become "very intoxicated" and involve himself in a situation that led to his assault charge while being supervised on intensive probation. Due to its concerns regarding the pending assault charge and Phillips' ability to follow the conditions of his supervision, the court decided to impose the remainder of Phillips' jail sentence.

{¶15} Having reviewed the record, we cannot conclude that the trial court abused its discretion when it refused to allow Phillips to continue on community control. Although the probation officer who appeared at the merits hearing agreed that continued probation with an alcohol monitor would be an appropriate sanction, the court was not obligated to impose that sanction. We are mindful of the deferential standard of review that applies in this instance, and it is our conclusion that Phillips has not shown that the court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. Accordingly, his second assignment of error is overruled.

III

{¶16} Phillips' assignments of error are overruled. The judgment of the Oberlin Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ASHLEY L. JONES, Attorney at Law, for Appellant.

FRANK S. CARLSON, Attorney at Law, for Appellee.