[Cite as *State v. Osborne*, 2017-Ohio-785.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

JAMES OSBORNE

    Appellant

C.A. No.     15CA010727

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     07CR074897

DECISION AND JOURNAL ENTRY

Dated: March 6, 2017

CARR, Presiding Judge.

{¶1} Appellant James Osborne appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2007, Osborne was indicted on one count of pandering obscenity involving a minor and one count of pandering sexually oriented matter involving a minor. In 2010, Osborne pleaded guilty to the indictment. The trial court concluded the two offenses were allied and the State elected to have Osborne sentenced for pandering obscenity involving a minor. Osborne was sentenced in 2011 to five years of community control, the provisions of which included several restrictions and requirements, including restrictions related to computer use and interactions with minors. Osborne was additionally classified as a Tier II sex offender. The sentencing entry provided that if Osborne violated the terms of his sentence, he would be subject to an eight year prison sentence.

{¶3}   Osborne initially registered his mother's address as his place of residence. Shortly thereafter, he began a relationship with Heather Koon and sought to reside with her. Osborne's probation officer, David Gaul, informed Osborne that he should check with him or the sheriff's office before signing a lease or moving to ensure that the residence was not too close to a school or other prohibited location.  In October 2011, Osborne signed a lease with Ms. Koon on Blaine Street.  Mr. Gaul informed Osborne that he could not stay there due to its proximity to a school; however, Osborne could visit there.  Mr. Gaul had been to Osborne's mother's house on several occasions; however, Osborne was never there at the time and his bedroom always looked very tidy and not "very lived in."

{¶4}   In 2013, Mr. Gaul and the sheriff's department received anonymous calls indicating that Osborne was living at the prohibited address on Blaine Street with Ms. Koon.  In September 2013, Mr. Gaul went out to the Blaine Street address with Deputy Deborah Hurlburt with the Lorain County Sheriff's Office to try to determine where Osborne was residing.  When they arrived, Mr. Gaul noticed through a window that Osborne appeared to be using a laptop. Upon entering and speaking with Osborne, Osborne admitted that he was staying at the residence three to four nights a week and that his mail was delivered there.  Mr. Gaul discovered that, contrary to his restrictions, Osborne had been using the internet and had an iPhone which also had internet access.  Deputy Hurlburt examined the phone and found compromising photos of young girls.  Osborne was thereafter arrested for violating community control.  His phone and the laptop he was using were confiscated.  Following an investigation, additional evidence surfaced that implicated Osborne in the rape of two young girls.

{¶5}   Osborne waived a probable cause hearing and admitted probable cause existed for the violations.  Following a merits hearing in December 2014, the trial court found Osborne

violated community control and sentenced him to eight years in prison. Osborne has appealed, raising two assignments of error for our review, which we will address together.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW BY FAILING TO PROVIDE APPELLANT WITH WRITTEN NOTICE OF THE CLAIMED VIOLATIONS OF PROBATION.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW BY RENDERING JUDGMENT THAT HE HAD VIOLATED HIS COMMUNITY CONTROL SANCTIONS WITHOUT SUFFICIENTLY INFORMING APPELLANT OF THE REASONS FOR WHICH HIS PROBATION WAS BEING REVOKED, WHILE ALSO PROVIDING AN ADEQUATE RECORD FOR REVIEW ON APPEAL.

{¶6} Osborne argues in his first assignment of error that he was denied due process because he never received written notice of the community control violations. Osborne argues in his second assignment of error that his due process rights were violated when the trial court failed to sufficiently inform him of the reasons why his community control was being revoked.

{¶7} "The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed." Crim.R. 32.3(A). "'[B]ecause community control is the functional equivalent of what was formerly probation, the same due process protections that applied to probation violations [] apply to community control violations.'" *State v. Phillips*, 9th Dist. Lorain No. 14CA010669, 2016-Ohio-1142, ¶ 6, quoting *State v. Walton*, 9th Dist. Lorain No. 09CA009588, 2009-Ohio-6703, ¶ 5.

> At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an

independent decisionmaker, and a written report of the hearing. The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the "minimum requirements of due process" include very similar elements:

"(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawye[rs]; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole."

(Internal citation omitted.) *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973), quoting *Morrisey v. Brewer*, 408 U.S. 471, 489 (1972); *see also Phillips* at ¶ 6.

{¶8} Nonetheless, this Court "has previously rejected such due process arguments when an offender has attempted to raise them for the first time on appeal." *Phillips*, 2016-Ohio-1142, at ¶ 7, citing *State v. Robinson*, 9th Dist. Wayne No. 02CA0008, 2003-Ohio-250, ¶ 6-7. Osborne did not object on these bases below and, thus, has forfeited all but plain error. *See* Crim.R. 52(B); *Phillips* at ¶ 7. However, Osborne failed to argue plain error in his initial brief on appeal. "While he argued plain error in his reply brief, a party may not raise new * * * issues for consideration in his reply brief; rather, the reply brief is merely an opportunity to reply to the brief of the appellee." (Internal quotations and citations omitted.) *State v. Caldwell*, 9th Dist. Summit No. 26306, 2013-Ohio-1417, ¶ 9. As Osborne did not develop a plain error argument in his initial brief on appeal, and we decline to create one for him, we overrule his first and second assignments of error on that basis. *See id.* at ¶ 30.

### III.

{¶9} Osborne's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, J.
CANNON, J.
CONCUR.

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

BRIAN J. DARLING, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.