[Cite as *State v. Ward*, 2022-Ohio-3351.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29282 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-1206 |
| | : | |
| JASIMINE WARD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of September, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Jasimine Ward appeals from the trial court's revocation of her community control and imposition of a three-year prison term for a felonious-assault conviction.

{¶ 2} Ward contends the trial court violated her procedural due-process rights by failing to provide a written or oral statement of the evidence relied on and its reasons for revoking community control. She also claims her sentence is contrary to law because the plea form underlying her conviction misstated the Ohio Revised Code section for felonious assault.

{¶ 3} We conclude that the trial court adequately set forth the evidence upon which it relied and its reasons for revoking community control. Ward also properly was convicted of felonious assault notwithstanding a scrivener's error in her plea form, and her sentence is not contrary to law. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} Ward was charged with two counts of felonious assault, both second-degree felonies. She pled guilty to one count in exchange for dismissal of the other count. Ward acknowledges that the trial court conducted a proper Crim.R. 11 hearing and correctly advised her regarding a second-degree felony conviction for felonious assault. The written plea form, however, stated that Ward was pleading guilty to felonious assault in violation of R.C. 2903.12(A)(1), which defines the offense of aggravated assault. The offense of felonious assault is found in R.C. 2903.11.

{¶ 5} In any event, the trial court accepted the plea and later sentenced Ward to community control for a felonious-assault conviction. Ward subsequently was served with

a notice of a community control revocation hearing. The notice alleged that she had violated several conditions of community control. Ward appeared for the hearing and admitted violating the terms of community control by failing to report to her probation officer, moving to Florida without permission, and being declared an absconder. Based on her admission, the trial court made a finding that Ward had violated community control.

{¶ 6} The trial court then heard testimony from Nia Elliott, who was Ward's probation officer. Elliott testified that Ward had failed to complete required aftercare treatment following a MonDay program, which was another charged community-control violation. Elliott also stated that Ward had not been consistent with drug screens and had tested positive for marijuana. The trial court noted that these things were not rule violations but that "they may go to her amenability to supervision." Tr. Vol. I at 27. Ward then explained that she did not complete aftercare because she "felt like [she] really didn't need a therapist" to "keep reliving everything[.]" *Id.* at 28.) After Ward's statement, the trial court addressed her personally and revoked community control with the following explanation:

> All right. Ma'am, based upon your admission, I am going to find that you violated the terms and conditions of community control.
>
> Much of Ms. Elliott's testimony is unrelated to the actual violations, because those related to—your admissions, I should say, because those related primarily to leaving the State of Ohio. But her testimony went to whether you can—you are amenable to community control. And ma'am, I have to find that you're no longer amenable to community control. And one

of those reasons is, is something you just said. And that's like, I don't need a therapist.

The experts, including the people at MonDay who did assessments of you, as well as Ms. Elliott, believe that that treatment was necessary. And I'm sure it was for a variety of reasons. But you've indicated, no, I don't think I needed that. And that is a strong indication for me, among other things, that you are not amenable to community control. And I'm going to revoke community control.

*Id.* at 28-29.

{¶ 7} The trial court proceeded to impose a three-year prison sentence. This appeal followed.

## II. Analysis

{¶ 8} In her first assignment of error, Ward alleges a procedural due-process violation based on the trial court's failure to provide a written or oral statement of the evidence it relied on and its reasons for revoking community control.

{¶ 9} The due-process requirements for a revocation hearing include providing a defendant " 'with a written statement by the fact finder as to the evidence relied upon and the reasons for revoking probation.' " *State v. Klosterman*, 2d Dist. Darke Nos. 2015-CA-9, 2015-CA-10, 2016-Ohio-232, ¶ 15, quoting *State v. Gilreath,* 2d Dist. Greene No. 2000-CA-1, 2000 WL 896319, * 2 (July 7, 2000); *see also State v. McCoy*, 2d Dist. Champaign No. 2020-CA-13, 2021-Ohio-456, ¶ 35, quoting *State v. Norman*, 2d Dist. Clark Nos. 2017-CA-40, 2017-CA-41, 2018-Ohio-993, ¶ 18. The Ohio Supreme Court has held,

however, that an oral statement of the evidence and reasons for revoking community control also may satisfy due process. *State v. Delaney*, 11 Ohio St.3d 231, 234-235, 465 N.E.2d 72 (1984); *see also State v. Scott*, 2d Dist. Montgomery No. 27299, 2017-Ohio-4100, ¶ 11-13.

{¶ 10} Here the trial court did not provide a written statement of the evidence it relied on and its reasons for revoking community control. Moreover, Ward contends the trial court's oral explanation at the revocation hearing did not adequately identify its reasons for revoking community control. She notes that the trial court identified "one of" its reasons as being her belief that she did not need aftercare. She argues, however, that this statement implies the existence of other reasons, which the trial court did not identify. In response, the State maintains that plain-error review applies because Ward did not raise this issue below. *See Klosterman* at ¶ 15 ("The failure to object to a due process violation during a community control revocation hearing waives all but plain error."). The State asserts that plain error does not exist.

{¶ 11} Upon review, we find Ward's argument to be unpersuasive. It is apparent from the trial court's remarks that it relied on Elliott's testimony and Ward's own statement to find her no longer amenable to community control. The trial court cited Ward's claim about not needing aftercare as one reason for finding a lack of amenability. As noted above, the trial court also recognized that Elliott's testimony pertained to Ward's amenability to community control. In particular, the trial court cited Elliott's testimony about Ward's inconsistency with drug screens and her positive marijuana test, noting that these issues "may go to her amenability to supervision[.]" From the context of the trial

court's remarks, it appears that these were additional reasons for the trial court's revocation decision. The record is devoid of any other potential reasons. Because the trial court adequately identified the basis for its ruling on the record during the revocation hearing, we see no error, plain or otherwise. The first assignment of error is overruled.

{¶ 12} In her second assignment of error, Ward contends her three-year prison sentence is contrary to law. She notes that the sentence was imposed for felonious assault, a second-degree felony. She recognizes that a three-year prison term is within the authorized range for that offense. Ward stresses, however, that the plea form underlying her conviction identified the offense to which she was pleading guilty as "Felonious Assault (Serious Physical Harm), in violation of ORC 2903.12(A)(1), a felony of the second degree." Ward notes that this statutory citation is incorrect. Felonious assault is codified in R.C. 2903.11, not R.C. 2903.12, which addresses aggravated assault, a fourth-degree felony. Ward argues that the rule of lenity should apply to this "ambiguity" in the plea form, entitling her to be sentenced for a fourth-degree-felony aggravated-assault conviction.

{¶ 13} In response, the State contends res judicata precludes Ward from collaterally attacking her felonious-assault conviction in an appeal from the revocation of community control. It appears to us, however, that Ward is not seeking to change her conviction from felonious assault to aggravated assault. Rather, in light of the numerical designation on her plea form and the rule of lenity, she argues that she actually was convicted of aggravated assault, thereby making her sentence for felonious assault contrary to law. She asserts that the "ambiguity" in the statutory reference should be

"interpreted in her favor as a fourth degree felony conviction for Aggravated Assault."

{¶ 14} Once again, we find Ward's argument to be without merit. The plea and sentencing hearing transcripts establish beyond any doubt that Ward pled guilty to and was convicted of felonious assault, a second-degree felony. At the outset of the plea hearing, Ward confirmed that she was pleading guilty "to one count of felonious assault, a felony of the second degree." Tr. Vol. I at 8. The prosecutor also read a statement of the charge, recited the elements of felonious assault, and correctly referenced R.C. 2903.11. *Id.* at 10-11. Later in the plea hearing, the trial court accepted her plea to "one count of felonious assault, a felony of the second degree" and made a finding of guilt. *Id.* at 13. Thereafter, at the sentencing hearing where it imposed community control, the trial court noted that Ward was being sentenced pursuant to a guilty plea "to felonious assault, a felony of the second degree." Sentencing Tr. at 2. The trial court's September 20, 2018 final judgment entry also reflected a conviction for felonious assault, a second-degree felony. An isolated scrivener's error in Ward's plea form does not transform her felonious-assault conviction into one for aggravated assault. That being so, the trial court did not err in imposing a three-year prison sentence for felonious assault after revoking community control. The three-year sentence is not contrary to law. The second assignment of error is overruled.

### III. Conclusion

{¶ 15} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Charles M. Blue
Hon. Mary Katherine Huffman